**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALICE COTTI and VLADIMIR SERDYUKOV, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF SOCIAL SERVICES DIRECTOR WILL LIGHTBOURNE, et al., <br><br> Defendants. | Case No. 18-cv-02980-BLF <br><br> ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND <br><br> [RE: ECF 45, 48, 49, 55, 56, 59, 63] |

Plaintiffs Alice Cotti and Vladimir Serdyukov assert federal and state law claims against numerous agencies and individuals that were involved in the removal of Plaintiffs' two young children from their care based on allegations of abuse. This order addresses seven motions to dismiss the operative second amended complaint ("SAC"):

(1) a motion to dismiss or strike the SAC under Federal Rules of Civil Procedure 8, 12(b)(6), and 12(e) filed by the City of San Jose, the San Jose Police Department, and all other City entities sued in this action (ECF 45);

(2) a motion to dismiss the SAC under Rule 12(b)(6) filed by Defendants Amy Choi and Nikolas Arnold, the attorneys appointed to represent Plaintiffs in Santa Clara County dependency proceedings (ECF 48);

(3) a motion to dismiss the SAC under Rules 8 and 12(b)(6) filed by Santa Clara County ("the County") (ECF 49), which is joined (ECF 61) by County employees sued in this action;

(4) a motion to dismiss the SAC under Rules 12(b)(1) and 12(b)(6) filed by California state agencies and employees (ECF 55);

United States District Court
Northern District of California

1       (5)     a motion to dismiss the SAC under Rules 12(b)(1) and 12(b)(6) filed by the California Peace Officers Standards & Training Commission ("POST") (ECF 56);

       (6)     a motion to dismiss the SAC under Rules 12(b)(1) and 12(b)(6) filed by the Honorable Patrick E. Tondreau, Judge of the Superior Court, Santa Clara County (ECF 59); and

       (7)     a motion to dismiss the SAC under Rules 8 and 12(b)(6) filed by Rebekah Children's Services (ECF 63).

For the reasons discussed below, the motions to dismiss are GRANTED WITH LEAVE TO AMEND.

**I.     DISCUSSION**

Plaintiffs filed the original complaint, a first amended complaint, and the operative SAC while proceeding *pro se*. In response to the SAC, seven sets of Defendants filed the motions to dismiss listed above. After the motions were filed, Plaintiffs obtained counsel. *See* Notice of Appearance, ECF 71. Plaintiffs' counsel filed short oppositions acknowledging that the SAC is deficient and requesting leave to amend. Counsel indicates that if granted leave to amend, she will drop certain claims, simplify others, and add supporting factual allegations.

Under these circumstances, and in light of the liberal rules of amendment endorsed by the Supreme Court and the Ninth Circuit, it appears that the most appropriate course is to grant the motions to dismiss, highlight the SAC's most glaring defects, and grant leave to amend all claims. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court therefore limits its discussion to Defendants' primary arguments, which are addressed at a relatively high level as follows.

       **A.     Rule 8 – Short and Plain Statement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At 80 pages in length, with more than 300 paragraphs, the SAC does not satisfy this requirement. *See* SAC, ECF 34. Despite the volume of allegations, the SAC does not provide a coherent account of the events giving rise to this lawsuit. "Rule 8(a) is grounds for dismissal independent of Rule 12(b)(6), and dismissal on Rule 8(a) grounds does not require that the complaint be wholly without merit." *Gottschalk v. City & Cty.*

*of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013).

The Court expects that the amended pleading drafted by Plaintiffs' counsel will be substantially pared down and easier to understand than the SAC.

### B. Rule 12(b)(6) – Insufficient Allegations

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiffs' well-pled factual allegations are accepted as true for purposes of a motion to dismiss under Rule 12(b)(6). *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

Plaintiffs allege the following facts: police officers arrested Plaintiffs at their home on May 23, 2017. SAC ¶ 45. County social workers then arrived at the home and removed Plaintiffs' two young children, R.S. (aged 3 years) and T.S. (aged 10 months). SAC ¶¶ 50-52. On May 24, 2017, a dependency investigator informed Plaintiffs that T.S. was found to have suffered a non-accidental fracture to her leg. SAC ¶ 71. On May 25, 2017, Plaintiffs were served with a petition initiated by the Department of Family and Child Services ("DFCS") and a notice of detention hearing. SAC ¶ 55. Those documents stated that Plaintiffs had been arrested for severe domestic violence; had a history of substance abuse which put the children at risk of harm; and had a history of physical abuse which put the children at risk of harm. SAC ¶ 74. The documents also stated that one of Plaintiffs' children was suffering from a non-accidental fracture to her leg and that each parent gave a different explanation of how the fracture occurred. *Id.* Plaintiffs were separated from their children for eleven months. SAC ¶ 94. Dependency proceedings were terminated by the Juvenile Court on May 23, 2018, and full legal and physical custody of the children was restored to Plaintiffs. SAC ¶ 95.

Based on this course of events, Plaintiffs assert eleven claims against numerous agencies and individuals that were involved in Plaintiffs' arrest, the removal of their children, and the dependency proceedings. Those claims are: (1) a claim under 42 U.S.C. § 1983 for violations of

3

Plaintiffs' First, Fourth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights; (2) a claim under California's Bane Act, Cal. Civ. Code § 52.1, for violation of Plaintiffs' state civil rights; (3) intentional infliction of emotional distress; (4) negligence; (5) failure to intervene; (6) denial of Due Process under the Fourteenth Amendment; (7) abuse of process; (8) malicious prosecution; (9) legal and medical malpractice; (10) fraud; and (11) false imprisonment. Plaintiffs seek, among other things, expungement of records relating to proceedings initiated by the DFCS in the Santa Clara County Juvenile Dependency Court; an order voiding the DFCS petition; a declaration that "Local legislations are unconstitutional" and that Plaintiffs' federal civil rights were violated; damages; declaratory and injunctive relief; "[a] reform of the entire system to restore its functionality"; and an apology from Defendants. SAC Prayer.

These claims are not supported by factual allegations showing that Defendants violated Plaintiffs' rights. For example, Plaintiffs allege that "Defendants Police, DFCS and the Court violated Plaintiffs' federal constitutional rights by . . . Summarily seizing the children from their home, parents, and family care without a warrant, just or probable cause, and absent exigent circumstances." SAC ¶ 99. However, as set forth above, it appears on the face of the SAC that Plaintiffs were arrested, and the children seized, because of a domestic violence situation which involved the fracture of the 10-month-old child's leg. SAC ¶¶ 55-74. Plaintiffs therefore have failed to allege plausibly that the seizure of the children violated Plaintiffs' rights. All claims of the SAC suffer from a similar lack of factual support for purely conclusory allegations of wrongdoing.

Any amended pleading must set forth Plaintiffs' claims in a straightforward manner, and assertions of wrongdoing by each Defendant must be supported by factual allegations sufficient to give rise to a plausible inference of wrongdoing on the part of that Defendant.

### C. *Monell* Liability

With respect to claims against the City of San Jose and the County of Santa Clara for violations of Plaintiffs' federal constitutional rights, Plaintiffs have not alleged facts showing that any such violations were pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). Any amended *Monell* claims against the

City or the County shall identify the relevant policy or custom with particularity.

### D. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars a federal district court from reviewing the final determinations of a state court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted). "A federal action constitutes such a *de facto* appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (internal quotation marks and citation omitted).

It appears that some of Plaintiffs' claims are inextricably intertwined with the state court's orders. Plaintiffs expressly request that this Court expunge state court records relating to the dependency proceedings and void the original DFCS petition. *See* SAC Prayer. Such relief is barred by the *Rooker-Feldman* doctrine. When amending the complaint, Plaintiffs' counsel shall omit any claims seeking to expunge, void, or otherwise undercut the state courts' rulings.

### E. Eleventh Amendment

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks and citation omitted). "The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Id.* An Eleventh Amendment defense "is quasi-jurisdictional in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

Plaintiffs assert claims against several state agencies, including the California Department of Social Services, California Department of Justice, Bureau of Children's Justice, California

Department of Health Care Services, First Five California, and POST. All of these claims appear to be barred by the Eleventh Amendment. Plaintiffs dispute the applicability of the Eleventh Amendment bar only with respect to POST. Presumably, the amended pleading will omit the claims against the other state agencies. With respect to POST, Plaintiffs suggest that Eleventh Amendment immunity "may not exist," but they do not cite any authority or evidence that would support that conclusion. Pls.' Opp. at 3, ECF 79. POST "operates under the direct administration and authority of the Attorney General and the California Department of Justice." *Boston v. Harris*, No. 11-CV-01872-PSG, 2012 WL 1029395, at *2 (N.D. Cal. Mar. 26, 2012). If Plaintiffs elect to re-plead their claims against POST, they shall allege facts demonstrating that POST is not an agency of the state for Eleventh Amendment purposes.

"Eleventh Amendment immunity also shields state officials from official capacity suits." *Krainski*, 616 F.3d at 967-68. There is "a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities." *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). "[T]he state officer sued must have some connection with the enforcement of the allegedly unconstitutional act," and '[t]his connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (internal quotation marks, citation, and alteration omitted).

Plaintiffs appears to assert an official capacity claim against Will Lightbourne, Director of the California Department of Social Service. It is unclear from Plaintiffs' allegations whether Defendant Lightbourne has a sufficient connection to any allegedly unconstitutional acts to fall within the narrow exception discussed above. If Plaintiffs re-plead their official capacity claims against Lightbourne, they shall allege facts showing the "fairly direct" connection necessary to avoid the Eleventh Amendment bar.

### F. Judicial Immunity

While it is not clear from the SAC what role Defendant Tondreau had in the events giving

rise to this suit, it appears that he was the judge who presided over the dependency proceedings regarding Plaintiffs' children. *See* SAC ¶ 38. "A judge enjoys total immunity from suit for her actions except in two instances: when the judge's actions are nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or when the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction." *Wright-Bolton v. Andress-Tobiasson*, 696 F. App'x 258, 259 (9th Cir. 2017) (internal quotation marks, citations, and alterations omitted). Based on the allegations of the SAC, it appears almost certain that Judge Tondreau is immune from suit in this case. However, because the bases for Plaintiffs' claims against Judge Tondreau are unclear, and Plaintiffs theoretically could amend to allege that their claims are based on nonjudicial actions or actions outside of Judge Tondreau's judicial capacity, the Court will grant Plaintiffs one opportunity to amend now that they have the benefit of their counsel's expertise.

**II. ORDER**

(1) The motions to dismiss are GRANTED WITH LEAVE TO AMEND;

(2) Any amended pleading shall be filed on or before January 11, 2019; and

(3) Leave to amend is limited to the claims addressed in this order. Plaintiffs may not add new claims or parties without obtaining prior express leave of the Court.

Dated: December 19, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge