1  MICHELLE BRENOT SBN: 186911
   **LAW OFFICES OF MICHELLE BRENOT**
2  1790 S. Winchester Blvd., Suite 6
   Campbell, California 95008
3  Tel: (408) 245-6094
   Fax: (408) 866-9052
4  michelle@rjtennant.com

5  Attorney for VLADIMIR SERDYUKOV
          and ALICE COTTI

6

7

8              **UNITED STATES DISTRICT COURT**
               **NORTHER DISCTRICT OF CALIFORNIA**
9

10 ALICE COTTI, *et al.*                    )   Case No.: 5:18-CV-02980-BLF
                                            )
11              Plaintiffs,                 )   **PLAINTIFF'S THIRD AMENDED**
                                            )   **COMPLAINT**
12                                          )
                                            )
13 v.                                       )
                                            )
14 SANTA CLARA COUNTY, CITY OF SAN          )   **Court Room: 3**
   JOSE, SAN JOSE POLICE DEPARTMENT,        )   **Judge Beth Labson Freeman**
15 OFFICER GAONA, OFFICER AVILA, VU         )
   TRAN, DEPARTMENT OF SOCIAL
16 SERVICES, SANTA CLARA COUNTY
   DEPARTMENT OF FAMILY AND CHILD
17 SERVICES, SOCIAL SECURITY AGENCY
   OF SANTA CALRA COUNTY,
18 FRANCHESCA LERUE, PA CHANG, PHU
   NGUYNE, JEFF JOHNSON, SARAR
19 GERHART, FAMILY LEGAL
   ADVOCATES, DEPENDENCY
20 ADVOCACY CENTER, AMY CHOI,
   WESLEY SCHROEDER, JOHN
21 FAULCONER, NIKOLAS ARNOLD,
   LEGAL ADVOCATES FOR YOUTH AND
22 CHILDREN, AMY GUY, PATRICK
   TONDREAU, REBKAH'S CHILDRENS
23 SERVICES
24
25
26              Defendants.
27
28
                              1
Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

Plaintiffs, ALICE COTTI ("Alice" or "Cotti") and VLADIMIR SERDYUKOV ("Vladimir" or "Serdyukov"), collectively referred to herein as "plaintiffs," respectfully represent and allege as follows:

1.   At all relevant times, Plaintiffs resided in the home they owned at 927 Melbourne Boulevard, San Jose and were residents of the County of Santa Clara.

2.   At all times applicable herein, Defendant COUNTY OF SANTA CLARA was and is a public entity ("Santa Clara County" or "County of Santa Clara").

3.   At all times applicable herein, Defendant CITY OF SAN JOSE was and is a public entity ("City of San Jose").

4.   At all times applicable herein, Defendant SAN JOSE POLICE DEPARTMENT, was and is a public entity ("SJPD") and is a subdivision or entity of Defendant City of San Jose.

5.   At all times applicable herein, Defendant OFFICER GAONA, badge #4416, was an employee of the SJPD and is sued in both his individual and official capacity as an employee of SJPS and the City of San Jose.

6.   At all times applicable herein, Defendant OFFICER AVILA, badge #4407, was an employee of the SJPD and is sued in both his individual and official capacity as an employee of SJPS and the City of San Jose.

7.   At all times mentioned herein, Defendant VU TRAN ("Vu Tran" or "Tran") was a Sargent of the San Jose Police Department and is sued in both his individual and official capacity as an employee of Santa Clara County.

8.   At all times applicable herein, Defendant DEPARTMENT OF SOCIAL SERVICES ("DSS" or "Department of Social Services") was and is a subdivision or entity of Defendant Santa Clara County.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

9.   At all times mentioned herein, Defendant SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILD SERVICES ("DFCS" or "CPS") was and is a subdivision or entity of Defendant Santa Clara County.

10.   At all times mentioned herein, Defendant SOCIAL SECURITY AGENCY OF SANTA CLARA COUNTY ("SSA") was and is a subdivision or entity of Defendant Santa Clara County.

11.   At all times mentioned herein, Defendant FRANCESCA LERUE ("Francesca LeRue" or "LeRue") was and remains the Director of the SSA.  She has supervisory responsibility and authority over DFCS and its social worker employees.  Plaintiffs are informed and believe, and on such basis allege that Francesca LeRue, at all relevant times mentioned herein, had the power to promulgate and implement policies governing the conduct of Santa Clara County social workers in relation to the agency's handling of juvenile dependency matters.  On further information and belief, Plaintiffs allege that LeRue resides in Santa Clara County, and is an officer, agent and employee of Santa Clara County, SSA and DFCS.

12.   At all times mentioned herein, Defendant PA CHANG ("Pa Chang" or "Chang") was a Social Work Supervisor, an officer, agent and employee of Santa Clara County and DFCS and is sued in both her individual and official capacity as an employee of Santa Clara County.

13.   At all times mentioned herein, Defendant PHU NGUYEN ("Phu Nguyen" or "Nguyen") was an officer, agent and employee of Santa Clara County and DFCS and is sued in both his individual and official capacity as an employee of Santa Clara County.

14.   At all times mentioned herein, Defendant JEFF JOHNSON ("Jeff Johnson" or "Johnson") was an officer, agent and employee of Santa Clara County and DFCS and is sued in both his individual and official capacity as an employee of Santa Clara County.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

15.   At all times mentioned herein, Defendant SARAH GERHART "(Sarah Gerhart" or "Gerhart") was an officer, agent and employee of Santa Clara County and DFCS and is sued in both her individual and official capacity as an employee of Santa Clara County.

16.   At all times mentioned herein, Defendant FAMILY LEGAL ADVOCATES ("FLA") is and was a business establishment located in Santa Clara County that employs attorneys to be appointed to represent parents in dependency actions.

17.   At all times mentioned herein, Defendant DEPENDENCY ADVOCACY CENTER ("DAC") is and was a business establishment located in Santa Clara County that employs attorneys to be appointed to represent parents in dependency actions.

18.   At all times mentioned herein, Defendant AMY CHOI ("Amy Choi" or "Choi"), is an attorney located in Santa Clara County who represented Plaintiff Cotti and is sued in her individual professional and employee capacity.

19.   At all times mentioned herein, Defendant WESLEY SCHROEDER ("Wesley Schroeder" or "Schroeder"), is an attorney located in Santa Clara County who represented Plaintiff Cotti and is sued in his individual  professional capacity.

20.   At all times mentioned herein, Defendant JOHN FAULCONER ("John Faulconer" or "Faulconer"), is an attorney located in Santa Clara County who represented Plaintiff Cotti and is sued in his individual  professional and employee capacity.

21.   At all At all times mentioned herein, Defendant NIKOLAS ARNOLD ("Nikolas Arnold" or "Arnold"), was an attorney located in Santa Clara County who represented Plaintiff Serdyukov and is sued in his individual  professional and employee capacity.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

22.  Defendants identified in paragraphs 16 through 21 may herein collectively be known as "Counsel for Plaintiffs".

23.  At all times herein mentioned, Defendant LEGAL ADVOCATES FOR YOUTH AND CHILDREN, ("LACY") was an entity conducting business in the County of Santa Clara and employed attorneys appointed by the Courts to represent children in dependency actions.

24.  At all times herein mentioned, Defendant AMY GUY, ("Amy Guy") was an attorney employed by LACY to accept appointments from the Courts to represent children in dependency actions and represented T.S. and R.S. and is sued in her individual and employee status.

25.  At all times herein mentioned, Defendant PATRICK TONDREAU, ("Judge Tondreau") was Superior Court Judge presiding over the dependency actions, JD024527 and JD024528 and is sued in his official capacity.

26.  At all times herein mentioned, Defendant Rebekah Children's Services is an entity located in Santa Clara County.

27.  On November 22, 2017, Plaintiffs filed their claim against the County of Santa Clara, Plaintiffs' complaints were summarily dismissed.

28.  On November 22, 2017, Plaintiffs filed their claim against the Department of Social Services, Plaintiffs' complaints were dismissed.

29.  In July 2017, Plaintiff Cotti made a claim to the San Jose Police Department.  Plaintiff Cotti's claim was dismissed and Plaintiff was not advised that she was required to serve a written complaint.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County et al. 5:18-CV-02980

30.   On Number 22, 2017, Plaintiffs filed their claim against the Department of Family and Children's services.  Plaintiffs' claims were dismissed.

COMMON ALLEGATIONS

31.   On May 23, 2017, San Jose Police Officers arrived at Plaintiff's home as the result of a call regarding a domestic disturbance.  The responding police officers, Officer Gaona, badge 4416, Officer Preuss, badge 4423, and Officer Alvila, badge 4407, advised Plaintiffs of the reason for their presence and their concern for the safety of the parties.  Sargent Tran, badge 3603 arrived later.

32.   The officers were present at Plaintiffs' home for several hours.  During that period of time, the officers advised the parties that they did not want DCFS to intervene since the children were not in any danger.  They also discussed the possibility of arresting one or both of the parties.  They discussed the option of either parent and leaving the children with the other parent or arresting both parents.

33.   Either Officer Gaona or Officer Avila, Plaintiffs need to conduct discovery to determine from the body cam video which officer, advised Plaintiff Vladimir that in the event both parties were arrested, Plaintiff could contact and place the children with a caregiver of their choice if both parents were arrested.

34.   While the police were present, Plaintiffs had a responsible adult in the home, Norma Christopherson, with whom they could place the children.  Additionally, Plaintiff Vladimir's mother

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

lived in north San Jose.  Finally, Plaintiffs provided the names and contact information for family members and friends who could provide care for the children.

35.   Either Officer Gaona noticed that Plaintiff Vladimir had visible redness to his right hand and had a complaint of pain to his jaw and abdomen area.   Fire and EMS responded to the scene to medically evaluate the Plaintiffs.  There is no indication that Fire and EMS evaluated the children nor is there any indication that either child had any visible signs of physical abuse requiring any evaluation by Fire or EMS.

36.   Plaintiffs requested the police contacted their licensed child care provider, Marissa Fernandez, who agreed to take custody of and care for the minor children.  Shortly thereafter, and prior to the removal of Plaintiffs, Marissa Hernandez arrived at Plaintiffs' home and the parents made arrangements for the custody and care of the children with her.

37.   Sargent Tran arrived later and did not talk to the Plaintiffs.  Sargent Tran confirmed that Plaintiffs had made arrangements for Marissa to provide care of their children but, with total disregard and with deliberate indifference to that fact Sargent Tran contacted DFCS Joint Response and "requested for a social worker to responded for the children."

38.   At the time the Plaintiffs were removed, there was no reasonable cause for believing that the children were subject to seizer by the police without a warrant[1] or by a social worker without a warrant.[2]

---

[1] Wel.&Inst. §305
[2] Wel.&Inst. §306

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

39.  Social Workers Jeff Johnson and Phu Nguyen then arrived at the residence.  Sargent Tran discussed the situation with either Social Worker Johnson or Social Worker Nguyen and advised that he did not want to accept any liability for the children and, acting under color of law, conspired with the social workers to unlawfully seize the children and take them into custody even though Marissa Hernandez was present and had custody of the children.

40.  Both Social Worker Jeff Johnson and Social Worker Phu Nguyen observed that the children were in the custody of Marissa Hernandez.  They each both observed the children and each confirmed that the children were healthy, cared for and absent of any marks or bruises.  With total disregard for fact that the children were in the care of a responsible adult and that there were no signs of physical injury or emotional distress, the children were unlawfully seized by Jeff Johnson.

41.  In violation of the law, rather than immediately releasing custody of the children to Plaintiff Vladimir's mother, the children's closest relative, Jeff Johnson and/or Phu Nguyen placed the children at the receiving, assessment and intake center.

42.  Plaintiff Serdyukov was released from jail at approximately 9:00 that same morning.  At approximately 10:00 a.m. Plaintiff Serdyukov returned home and discovered that the children were not there and that a card had been left by a CPS social worker.  He then contacted Marissa Fernandez to check on the wellbeing of the children.   Ms. Fernandez the advised Plaintiff Serdyukov that Social Workers Johnson and Nguyen had removed the children from her custody and care and that she did

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

not know where the children were.  Plaintiff Serdyukov was shocked and distressed to discover that his children had been removed from his home and the children's care taker in his absence.

43.  Plaintiff Serdyukov then called the social worker identified on the business card and left a message.  The social worker returned his call later that afternoon and advised that the case was reassigned and provided the phone number for the new social worker.  Plaintiff Serdyukov then called the new social worked and left another message.  It was several hours before anyone spoke to Plaintiff Serdyukov about where his children were or when he could see them.  Plaintiff Serdyukov experiences great emotional distress regarding the disappearance of his children.

44.  Meanwhile, on May 23, 2017, Social Worker Sarah Gerhart met with the minor children at the SPARK clinic.  She observed Richard to be an intelligent three year old with lots of energy and observed Tatiana crawl and stand independently for half a minute.  Ms. Gerhart did not record that she observed any bruises or injuries of any kind on either child, as a result it is likely that Ms. Gerhart did not observe any such injuries.

45.  At some time on May 23, 2017, Nurse Practitioner, Jessica Lum, advised Ms. Gerhart that she observed a bruise on T.S. and ordered a skeletal survey be completed prior to the end of the day.  There is no evidence that neither Jessica Lum nor Ms. Gerhart made any effort to obtain consent from the parents for the skeletal survey or to obtain a court order.   Plaintiff Serdyukov had been released from custody but no one ever contacted him to obtain consent for the skeletal scan.  There is no evidence that T.S. was in any pain nor is there any evidence that a condition existed that, if not immediately treated, would result in serious disability or death.  Finally, no ***physician*** determined that

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

x-rays, a CAT scan or skeletal survey was necessary for the evaluation of T.S.'s health status. As a result, the order for a skeletal survey was without authority and the skeletal survey was conducted illegally and constitutes an illegal search.

46.     Plaintiffs allege on information and belief, and subject to greater specificity after discovery, that Jessica Lum, reported to DFCS that the results of the skeletal survey established "[T.S.] has a *possible* fracture of her left distal femur which is "suspicious for non accidental trauma." "

47.     On May 23, 2017, Jeff Johnson signed a Declaration of Reasonable Efforts Temporary Custody Report under penalty of perjury, stating the he removed R.S. and T.S. from Plaintiffs as the result of "Caretaker absence" and "General Neglect" both of which he knew to be false or with willful and blatant disregard or ignorance of the truth since 1) the Plaintiffs had assured the children had been placed with a caretaker, 2) Plaintiff Vladimir's mother was in proximity and able to care for the children, and 3) both children had adequate food, shelter, clothing and/or medical care.

49.     On May 23, 2017, Ms. Gerhart spoke with Plaintiff Serdyukov. Plaintiff Serdyukov was surprised to hear from Gerhart that T.S. had sustained any injury. He advised that he did not observe any behavior on the part of T.S. suggestive of an injury and advised Gerhart that, in the past, when he believed R.S. had injured his leg, he and Plaintiff Cotti immediately took the minor child to the hospital. He advised that he did not know how the child, T.S. could have sustained an injury to her left thigh and stated he could not think of any thing that would result in the children being injured.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

50.   On May 24, 3017, Ms. Gerhart spoke with Plaintiff Cotti and advised her that T.S. had sustained an fracture.  Plaintiff Cotti was surprised to hear that T.S. had an injury.  Plaintiff Cotti advised that she had not observed any indications that T.S. was experiencing pain and advised that T.S. had just started walking and may have fallen and injured herself.

51.   On or about May 24, 2018, Ms. Gerhart signed, under penalty of perjury, an Initial Hearing Report in support of DFCS's Juvenile Dependency Petitions relating to R.S. and T.S. and the Juvenile Dependency Petitions knowing the statements contained therein were false or made with willful indifference for the truth.  Specifically:

Ms. Gerhart alleged, the that each child had suffered serious physical harm as follows:

a-1   On 5/23/2017, the children, [R.S.] (DOB: 03/26/2014) age 3 and [T.S.} (DOB: 07/20/2016) age 10 months, were placed into protective custody by San Jose Police as a result of **severe** domestic violence between the mother, Alice Cotti, and the father, Vladimir Serdyukov.  Both parents were arrested for domestic violence leaving the children without a caretaker.  The mother and father were released on 5/23/2017 and their criminal charges are pending.

a-2   Further, on 5/23/2017, when the child [T.S.] was placed into protective custody she was observed to have a bruise on her right forearm and was referred to have a full skeletal survey.  On 5/23/2017, the skeletal survey indicated that the child has a possible fracture on her left distal femur which the radiologist found suspicious.  The parents have no reasonable explanation for the injury and **doctors determined the injury was caused by non-accidental trauma.** The injury is of such a nature as would ordinarily not be sustained expect (sic) as the result of the unreasonable or neglectful acts or omissions of the parents.

The allegations of Ms. Gerhart were false, extrapolation without foundation or pure fabrication.  First, none of the allegations made in paragraph a-1 constitute "serious physical harm."[3]

---

[3] The DFCS Policies and Procedures define "Severe Physical Abuse as":  Sever Physical Abuse includes any *single* act of abuse which causes physical trauma of sufficient severity that, if left untreated, would cause permanent physical

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

The allegations alleged in paragraph a-1 were included in the complaint for improper purposes specifically to cast Plaintiffs in a bad light. First, there was no indication that any of the alleged domestic violence was "serious" as alleged by Ms. Gerhart. The parties were both examined by Fire and EMS and neither were found to have **any injury**. Second, on Plaintiff Cotti was arrested for domestic violence. Ms. Gerhart made the allegations knowingly, with blatant willful disregard for the truth or negligent disregard for the truth.

With respect to paragraph a-2, Ms. Gerhart made statements she knew to be false or with blatant willful disregard for the truth or negligent disregard for the truth. Gerhart falsely stated, "doctors determined the injury was caused by non-accidental trauma." At the time this statement was averred to by Ms. Gerhart **no doctor had ever determined that an actual injury had occurred.** The follow up for T.S. for review of the illegally obtained skeletal survey was schedule on May 23, 2017 for May 26, 2017. Gerhart falsely stated, "The injury is of such a nature as would ordinarily not be sustained excepted as the result of the unreasonable or negligent acts or omissions of the parents." At the time this statement was averred to by Ms. Gerhart, **there was no actual injury, in fact T.S. never had a fracture at any time in the custody and control of her parents.** Ms. Gerhart knew at the time she averred to the facts that the facts were actually false or unreasonably and without good cause, made unreasonable extrapolation from known facts in order to assure the Court would make the minors T.S. and K.S. dependents and unlawfully keep them from Plaintiffs.

Even if T.S. had a fracture, that fact alone did not constitute "severe physical harm." At the time the children were unlawfully removed from the parents, the children appeared healthy and without marks or bruises. When Gerhart met with the children, T.S. a 10 month old, could stand without any indication or discomfort. "Severe Physical Harm" requires 1) a single act that causes

---

disfigurement, permanent physical disability, or death; any single act of sexual abuse which causes significant bleeding, deep bruising, or significant external or internal swelling; or *repeated acts of physical abuse*, each of which causes

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

trauma of sufficient severity that, if left untreated, would cause "permanent physical disfigurement," "permanent physical disability" or "death." There was no allegation of any sexual abuse nor was there any "*repeated* acts of physical abuse, each of which causes bleeding, deep bruising, significant external or internal swelling or bone fracture or unconsciousness."

But for Ms. Gerhart's perjury, DFCS could not allege "Serious Physical Harm."

52.   On or about May 24, 2018, Ms. Gerhart signed, under penalty of perjury, an Initial Hearing Report in support of DFCS's Juvenile Dependency Petitions relating to R.S. and T.S. and the Juvenile Dependency Petitions knowing the statements contained therein were false, made with willful indifference for the truth or were improper extrapolations without foundation. Specifically:

Ms. Gerhart alleged, the that each parent had failed to protect each child as follows:

b-1   On 5/23/2017, the children, [R.S.] (DOB: 03/26/2014) age 3 and [T.S.} (DOB: 07/20/2016) age 10 months, were placed into protective custody by San Jose Police as a result of **severe** domestic violence between the mother, Alice Cotti, and the father, Vladimir Serdyukov. Both parents were arrested for domestic violence leaving the children without a caretaker. The mother and father were released on 5/23/2017 and their criminal charges are pending.

b-2   Further, Father contacted San Jose Police on 5/23/2017, due to a domestic incident that occurred in the home. The parents were involved in a physical alteration and both placed under arrest for domestic violence. The father was taking videos and pictures of the mother during an argument and the mother felt harassed. The mother attempted to take the father's cell phone. The mother wrapped her arms and legs around the father and was punching and kicking him. The mother bit the father on his right hand. The children were present in the home at the time of the incident. The parent's (sic) abusive behavior and inability or unwillingness to protect the children from the domestic violence places the children at risk of physical harm and serious emotional damage in their care.

bleeding, deep bruising, significant external or internal swelling, bone fracture, or unconsciousness.
13
Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

b-3   Further, the parents have perpetrated domestic violence against each other since December of 2016 and have exposed the children to that violence. In December of 2016 or January 2017, the father caused an injury to the mother's rib. On 03/07/17, the father was arrested for domestic violence for slapping the mother in the face. The father video records the mother during arguments and antagonizes and baits the mother to try to take his cell phone from him. When the mother attempts to take the phone, the father physically blocks the mother. During physical altercations, the father touches the mother on her breasts, which makes the mother uncomfortable. The child, Richard, has observed the parents hitting each other in the head. The parents' unwillingness to protect the children from exposure to the domestic violence places the children at risk of physical harm and serious emotional damage in their care.

b-4.   Further, the mother as a substance **abuse** history and uses marijuana on a daily basis, including while the children are in the home. The father is aware that the mother has been using marijuana regularly and has failed to protect the children from the mother's substance use. The mother's active substance **abuse** problem interferes with her judgment, which places the children are (sic) risk of physical harm.

The allegations of Ms. Gerhart were false, extrapolation without foundation or pure fabrication. First, none of the allegations made in paragraph b-1 constitute a "failure to protect" the children.[4]   The allegations alleged in paragraph b-1 were included in the petition for improper purposes specifically to cast Plaintiffs in a bad light. First, there was no indication that any of the alleged domestic violence was "serious" as alleged by Ms. Gerhart. The parties were both examined by Fire and EMS and neither were found to have **any injury**. Second, on Plaintiff Cotti was arrested for domestic violence. Ms. Gerhart made the allegations knowingly, with blatant willful disregard for the truth or negligent disregard for the truth. Additionally, none of the facts alleged go to any of the elements DFCS is required to demonstrate.

---

[4] Wel.&Inst. § 300(b) requires DFCS to demonstrate *three elements* by a preponderance of the evidence: (1) one or more of the statutorily specified omissions in providing care for the child (inability to protect or supervise the child, the failure of the parent to provide the child with adequate food, clothing, shelter, or medical treatment, or inability to provide regular care for the child due to mental illness, developmental disability or substance abuse); (2) causation; and (3) "serious physical harm or illness" to the minor, or a "substantial risk" of such arm or illness.  In re Rocco M. (1991) 1 Cal.App.4th 814, 820; clarified by In re R.T. (2017) 3 Cal.5th 622, 629 (decided July 20, 2017).

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

In fact, none of the facts alleged in paragraphs b-1 through b-4 identify any actual "serious harm or illness" to the minor children nor does she identify any "substantial risk" of such harm.  In b-2 while Gerhart alleges domestic violence occurred, there is no evidence that either of the children observed any such violence.  In b-3 Gerhart alleges that R.S. "has observed the parents hitting each other in the head" but does not allege that that has caused "serious harm or illness" or "substantial risk" of such harm or illness for all any third party can discern from the petition, the parents could participate in Karate.  However, **nowhere** in the Initial Hearing Report, except in the ultimate allegations, is there any actual evidence or fact to support the allegation the child ever saw the parents hit each other.  Again, another fact made up of whole cloth by Gerhart to support her petition.

In both b-2 and b-3 Gerhart alleges, "[the] parents' unwillingness to protect the children from exposure to the domestic violence places the children at risk of physical harm and serious emotional damage in their care."  The first part of that allegation is absolutely untrue and without any factual support.  In fact, the evidence contained in the Initial Hearing Report is diametrically opposite of that allegation.  Both Plaintiffs acknowledged that they were having relationship difficulties and poor resolution skills.  Both Plaintiffs acknowledged that Plaintiff Cotti was planning on taking the children to Italy for several months to give the family a break.  Finally, a child's exposure to a domestic violence incident in and of itself is not a sufficient basis for child abuse or neglect.  Other factors must exist which to establish that the child's physical or emotional health is endangered as the result of domestic violence.[5]

The Social Services Agency DFCS Policies and Procedures states[6]:

> Factors to consider in determining whether a domestic violence incident created a serious risk of physical injury to the child include, but are not limited to the following:

---

[5] Social Services Agency, DFCS Policies and Procedures, Intake, 1-2.2.
[6] Id.

15

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

- Were objects thrown or broken in the presence of the child?
- Did the perpetrator strike a victim who was holding a child or did the perpetrator hold a child while striking the victim?
- Did the child physically intervene in the domestic violence?
- Did the perpetrator threaten to kill or commit suicide?  Did the perpetrator threaten the victim with a gun, knife or other weapon?
- Did the perpetrator kick or bit or hit the victim with a fist?
- Did the perpetrator hit or attempt to hit the victim with an object?
- Did the perpetrator choke or strangle the victim?
- Did the perpetrator stalk the victim or child?

Of all of the factors listed for consideration in the DFCS Policies and Procedures, the only one that *might* have been applicable is the forth factor **but there is no evidence that the children observed any such actions.**

Further, the Social Services Agency DFCS Policies and Procedures defines a domestic violence incident which cause serious emotional damage to the children or created a substantial risk of serious emotional damage to the child as:

> Serious emotional damage (SED) in the context of child protection law **means** the child **exhibits** severe anxiety, depression, withdrawal, untoward aggressive behavior toward self or other, as the result of the conduct of a parent or whose parent is incapable of providing appropriate care.[7]

There is not one iota of factual support in the Initial Hearing Report of any, let alone severe or serious that either child exhibited any anxiety, depression, withdrawal, or untoward aggressive behavior.  Again, facts and claims fabricated by Gerhart.

Finally, under the allegations for count b-4, Gerhart alleged 1) mother had a substance abuse history 2) she used marijuana on a daily basis, including while the children are in the home, and 3) father knew about this and failed to protect the children.

---

[7] Id.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

under count b-4 "were wholly insufficient and contained no, let alone substantial, evidence to support those allegations.

The only information contained the Initial Hearing Report relating to mother's use of marijuana is on page 6 of that report and specifically states:

Father denied that he has a substance abuse problem.  The father stated he does consume alcohol, approximately once a month, and when he does drink he only has one beer.  The father reported the mother does using (sic) alcohol occasionally.  The father reported that mother uses marijuana on a daily basis.  The father stated the mother has a medical marijuana card for neck injury.  The father state mother uses marijuana "when she has time" during the day.  The father stated the mother normally uses when he returns home from work.

Nowhere in the report does it state that mother has a substance abuse problem, uses while the children are in the home or that her use of marijuana in any way placed the children in at risk of any harm.  In fact, the evidence shows that Plaintiff Cotti usually waited until Plaintiff Sed was home when she used marijuana and therefore available to care for the children when she used. Additionally, the phrase "when she has time" could have referred to the period of time the children were in daycare.  As stated on page 5 of the report, R.S. attended day care from 9:00 a.m. to 5:00 p.m. and T.S. attended from 10:00 a.m. to 1:00 p.m.   Gerhart' ultimate allegation that "mother's active substance abuse problem interferes with her judgment, which places the children are (sic) risk of physical harm."  Is completely unfounded, unsupported, salacious perjury.

Not one of the counts b1-b4 is support by even a scintilla of evidence, let alone substantial evidence.[8]

---

[8] In re Drake M. 211 Cal.App.4th 754.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

53.   On or about May 24, 2018, Ms. Gerhart signed, under penalty of perjury, an Initial Hearing Report in support of DFCS's Juvenile Dependency Petitions relating to R.S. and T.S. and the Juvenile Dependency Petitions knowing the statements contained therein were false, made with willful indifference for the truth or were improper extrapolations without foundation.  Specifically:

Ms. Gerhart alleged, the that each parent had the children were suffering or at substantial risk of suffering "serious emotional damage evidences by severe anxiety, depression, withdrawal or untoward aggressive behavior as follow:

c-1    On 5/23/2017, the children, [R.S.] (DOB: 03/26/2014) age 3 and [T.S.} (DOB: 07/20/2016) age 10 months, were placed into protective custody by San Jose Police as a result of **severe** domestic violence between the mother, Alice Cotti, and the father, Vladimir Serdyukov.  Both parents were arrested for domestic violence leaving the children without a caretaker.  The mother and father were released on 5/23/2017 and their criminal charges are pending.

c-2    Further, Father contacted San Jose Police on 5/23/2017, due to a domestic incident that occurred in the home.  The parents were involved in a physical alteration and both placed under arrest for domestic violence.  The father was taking videos and pictures of the mother during an argument and the mother felt harassed.  The mother attempted to take the father's cell phone.  The mother wrapped her arms and legs around the father and was punching and kicking him.  The mother bit the father on his right hand.  The children were present in the home at the time of the incident.  The parent's (sic) abusive behavior and inability or unwillingness to protect the children from the domestic violence places the children at risk of physical harm and serious emotional damage in their care.

c-3    Further, the parents have perpetrated domestic violence against each other since December of 2016 and have exposed the children to that violence.  In December of 2016 or January 2017, the father caused an injury to the mother's rib.  On 03/07/17, the father was arrested for domestic violence for slapping the mother in the face.  The father video records the mother during arguments and antagonizes and baits the mother to try to take his cell phone from him.  When the mother attempts to take the phone, the father physically blocks the mother.  During physical altercations, the father touches the mother on her breasts, which makes the mother uncomfortable.  The child, Richard, has observed the parents hitting each other in the head.  The parents' unwillingness to protect the children from exposure to the domestic violence places the children at risk of physical harm and serious emotional damage in their care.

18

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

As set forth with respect to the counts of b1 through b4, there is no evidence that the children suffered or were at any risk of any emotional suffering let alone serious emotional suffering.

54.   Finally, on or about May 24, 2018, Ms. Gerhart signed, under penalty of perjury, an Initial Hearing Report in support of DFCS's Juvenile Dependency Petitions relating to R.S. and T.S. and the Juvenile Dependency Petitions knowing the statements contained therein were false, made with willful indifference for the truth or were improper extrapolations without foundation. Specifically:

Ms. Gerhart alleged, the that each parent had left each child without provision for support:

g-1   On 5/23/2017, the children, [R.S.] (DOB: 03/26/2014) age 3 and [T.S.} (DOB: 07/20/2016) age 10 months, were placed into protective custody by San Jose Police as a result of **severe** domestic violence between the mother, Alice Cotti, and the father, Vladimir Serdyukov. Both parents were arrested for domestic violence leaving the children without a caretaker. The mother and father were released on 5/23/2017 and their criminal charges are pending.

g-2   Further, Father contacted San Jose Police on 5/23/2017, due to a domestic incident that occurred in the home. The parents were involved in a physical alteration and both placed under arrest for domestic violence. The father was taking videos and pictures of the mother during an argument and the mother felt harassed. The mother attempted to take the father's cell phone. The mother wrapped her arms and legs around the father and was punching and kicking him. The mother bit the father on his right hand. The children were present in the home at the time of the incident. The parent's (sic) abusive behavior and inability or unwillingness to protect the children from the domestic violence places the children at risk of physical harm and serious emotional damage in their care.

Once again Gerhart repeats a now familiar refrain. However, once again, she has perjured herself. Even though the parents were arrested, prior to their arrest they made appropriate

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

arrangements for the care of the children.  Marissa Fernandez has arrived before the parent were removed, was qualified to care for the children and agree to care for them.  **The children were never left by Plaintiffs without a caretaker.**  Again, Gerhart appears to have thrown in an additional, irrelevant count, g2, for no legitimate reason.

54.  As set forth herein, there was no evidence to support any of the counts charged by DFCS and it was only the perjury of Gerhart that allowed DFCS to allege a prima facia case.

55.  On or about May 24, 2017, Pa Chang, Social Work Supervisor, declared, under penalty of perjury each statement made by Gerhart was true and correct which absolutely false.  Pa Chang acted either with knowledge that her actions false or with willful negligence with respect to the truth of her statements.

56.  On May 23, 2017, via telephone, Gerhart advised Plaintiff Sed that there would be an initial detention hearing on May 25, 2017 at 8:30 a.m. in Department 69.  On May 24, 2017, via telephone, Gerhart advised Plaintiff Cotti that there would be an initial detention hearing on May 25, 2017 at 8:30 a.m. in Department 69.  Neither Plaintiff was provided a copy of the Petitions or the Initial Hearing Report prior to arriving for the hearing on May 25, 2017.  Finally, the report contained no analysis of the strengths of the family, what services were considered to provide family maintenance and why services could nit be provided to facilitate family maintenance.

57.  When the Plaintiffs arrived at court for the hearing, Plaintiff Cotti met with Gerhart who advised her, acting under color of law, that if she wanted her children returned, she was required to

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

provide a urine sample to conduct a test for marijuana use.  Because she wanted her children she agreed and was immediately taken into the women's restroom and provided a sample cup.  Stephanie from DFCS observed Plaintiff Cotti provide a sample.

58.   Additionally, Plaintiff Sed was advised that he to advised by Gerhart that he needed to provide a urine sample in order to regain custody of his children.  Thereafter Plaintiff Sed provided the requested sample.

59.   Prior to a hearing on May 25, 2017, the Plaintiffs were each given a copy of the Initial Hearing Report and were appointed counsel.  Nikolas Arnold was appointed to represent Plaintiff Sed.  John Faulconer, FLA was appointed to represent Plaintiff Cotti.

60.   Plaintiff Serdyukov had very little time to meet with his attorney.  He and his attorney reviewed the Initial Hearing Report for approximately 10 minutes.  Plaintiff Serdyukov's attorney did not discuss with Plaintiff Sed the facts supporting the charges in the petitions and told him that he was not permitted to say anything during the hearing.  Plaintiff Sed's attorney did not ask for any continuance of the detention hearing.

61.   Plaintiff Cotti had very little time to meet with her attorney.  She and her attorney reviewed the Initial Hearing Report for approximately 10 minutes.  Plaintiff Cotti's attorney did not discuss with Plaintiff Cotti the facts, or lack thereof in the report supporting the charges in the petitions.  Plaintiff Cotti's attorney did not ask for any continuance of the detention hearing.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

62.  At the hearing on May 25, 2017, Judge Tondreau the Court "Read and considered the detention report dated 5/25/2017." Judge Tondreau did not examine Gerhart on any of allegations or asked her to provide any facts in support of those allegations.  While the Court checked the box stating the Court had "read and considered the report" Plaintiffs allege that rather than reading and considering the report and reviewing the exhibits, Judge Tondreau simply rubber stamped the report without contemplation and found that continued detention was necessary because Sarah Gerhart said so.  The court set the jurisdictional and detention hearings concurrently on June 15, 2017 at 8:30 in department 69.

63.  On or about June 13, 2017, Gerhart, acting under color of law, contacted Plaintiff Cotti falsely advised her that her only options were 1) participate in adoption planning and volunteering the children for adoption or participate in reunification services to have the children returned to your care.

64.  On June 15, 2017, Gerhart produced two additional reports both dated, June 14, 2017, the 1st Addendum and the 2nd Addendum.  Neither party nor counsel was provided the reports in advance. No one waived DFCS's failure to timely serve the Addendums.

65.  On June 15, 2017, Plaintiff Cotti was not represented by her appointed counsel with whom she had been trying to communicate, but by Amy Choi who was not familiar with the matter when the parties appeared on June 15, 2017 for the Jurisdictional or Detention hearing.

66.  The June 15, 2017 hearings were continued to July 3, 2017.

22

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

67. On July 3, 2017, the neither hearing went forward. At that time Plaintiff Cotti was represented by Wesley Schroeder. The Court failed to continue the Jurisdictional and Detention hearing. The Court did set an early resolution conference for July 13, 2017.

68. On July 13, 2017, no resolution was reached. Margaret Burks was appointed to represent Plaintiff Cotti. On July 13, 2017 and a Jurisdictional and Detention hearing were set for July 28, 2017. Plaintiff Serdyukov made multiple requests that hearings go forward on the Jurisdictional and Detention issues. The court denied Plaintiff Serdyukov's multiple request. The Court set the Jurisdictional hearing and Detention hearing on July 28, more that 60 days after the initial detention of the children.

69. On July 24, 2017, Amy Choi advised Plaintiff Cotti that the Court determined by 1% that the issues asserted by DFCS were more true the Court would legally sustain the Petitions.

70. On July 28, 2017, the Court sustained the 3rd Amended Petition.

71. At the hearing on July 28, 2017 counsel for the Plaintiffs failed to raise any issue of perjury or bias with respect to the allegations, reports and misinformation provided by Gerhart. Counsel for the Plaintiffs failed to provide any evidence to question the credibility of Gerhart. Counsel for the Plaintiffs failed to call any witnesses for the Plaintiffs who could contradict the allegations that there was "severe" domestic violence. Counsel for Plaintiffs failed to examine Gerhart with respect to allegations that the children had suffered or were as substantial risk to suffer severe emotional injury. Counsel for Plaintiffs failed to call the first foster family to provide

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

information regarding the lack of any symptoms of severe emotional injury.  Counsel for Plaintiffs failed to call any experts to show that the later symptoms of emotional distress resulted from DFCS negligent placement of the children in a home where T.S. experienced actual physical injury from the foster family's minor child and from the fact that by the time of the hearing on July 28, 2017, the minor children had been moved by DFCS five different times.  Counsel for Plaintiffs failed to show that the original taking of the children from the parents was unlawful.  Counsel for Plaintiffs failed to request evidence gathered from the unlawful searched of Plaintiffs and the unlawful seizure of the children be suppressed.  Counsel for the Plaintiffs failed to examine Gerhart on the issue of causation as it related to each Plaintiff's alleged failure to protect the children.  Counsel for Plaintiffs failed to file any appeal on the Court's sustaining of the Petitioner for lack of sufficient evidence let alone clear and convincing evidence.  Counsel for Plaintiffs failed to file any writ of habeas corpus to release the children from protective custody as a sanction for the untimely notices of reports and untimely hearings on the court's jurisdiction and detention of the minor children.

72.   After the Court sustained the 3rd Amended Petitions relating to R.S and T.S. DFCS used the Court's sustaining of the petitions to compel Plaintiffs waive their rights to privacy, privilege and unwarranted searches in that Plaintiffs were required to waive their rights to privacy and privilege with respect to independent counselors, and submit to multiple psychological examinations or they would not get custody of their children back.

73.   After the Court sustained the 3rd Amended Petitions relating to R.S and T.S. DFCS used the Court's sustaining of the petitions to subject T.S. to psychological treatment in the absence of the Plaintiff's permission or an order of the court.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

74. On or about July 28, 2017, immediately following the Court's sustaining of the Petitions, DFCS used the Court's sustaining of the petition for R.S. to compel him, without input from Plaintiffs, to receive therapeutic services from Rebeka's Services and to waive the client/therapist privilege.

75. After the Court sustained the 3rd Amended Petitions relating to R.S and T.S. Amy Guy used the Court's sustaining of the petitions to compel Plaintiffs waive their rights to privacy, privilege and unwarranted searches in that Plaintiffs were required to waive their rights to privacy and privilege with respect to independent counselors, and submit to multiple psychological examinations or they would not get custody of their children back. She further threatened the parents that unless they dropped their appeals, she would never agree to the children returning home with their parents.

76. On or about April 13, 2018 the children were returned to the care and custody of their parents. The parties met at court on May 2, 2018 to determine whether the petitions previously sustained should be dismissed and the court enter exit orders. There was no agreement between DFCS and the parents with respect to issuing exit orders. The Court advised that it could set the matter for trial until after May 14, 2018 due to the Court's vacation plan. The County of Santa Clara, or one of its entities has formulated a policy by which, dependent children may not stay on an "extended visit" with family for more than 30 days. As a result of this policy, Plaintiff Serdyukov was required forego a trial to determine whether the children were at risk to stay with Plaintiff, to agree affirmatively that the child were at risk to be in the custody of Plaintiffs, whereby the children

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

would be permitted to remain with the Plaintiffs, or to exercise his right that to have a trial to determine that the children are not at risk and have the children once again removed from the Plaintiffs' custody.  When the issue of the policy was raised with the Court, Judge Tondreau advised counsel, "I think it is more than a county policy."  In fact, there is no regulatory or statutory authority for that policy.  The arbitrary nature of the policy effectively required the parties to keep their children and forgo their rights of due process or relinquish their children until such time as the Court could schedule a hearing.

## FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS 42 U.S.C.1983

(By Plaintiffs against Santa Clara County, City of San Jose, SJPD, Sargent Tran, DFCS, Francesca LeRue, Phu Nuygen and Jeff Johnson )

Count 1:

Warrantless Removal/Removal
Without a Court Order, Notice or Exigency

77.  Plaintiffs reallege and incorporate as though fully set forth herein, all allegations set forth in paragraphs 31 through 76 as though fully set forth herein.

78.  The law has recognized the right of parents to make decisions regarding the custody and care of their children.  In this case, Plaintiff's had exercised their right to place their children in the custody and care of Merissa Fernandez, a licensed child care provider, had paid for her services and Merissa Fernandez had taken the children into her care before any social worker arrived and was ready, willing and able to care for the children.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

79. Sargent Tran discussed the situation with Officers Gaona and Avila who arrested the parents and left the residence after Marissa had taken custody of the children.  Thereafter, Sargent Tran decided that he did not like the decision the parents had made and decided in order to avoid any potential liability, to contact CPS and have the children removed from the children's care provider. Acting under color of authority, Sargent Tran and Social Workers Johnson and Nguyen conspired to unlawfully remove the children.

80. At the time the children were removed from their care provider, neither social worker or Sargent Tran has any reason to believe that the children were children subject to Welfare and Institutions Code § 300.  Both social workers observed the children and noted they were happy and healty without bruises or marks.  There were no exigent circumstances.  The warrantless removal of the children by Sargent Tran and Social Workers Johnson and Nguyen constituted a violation of the Plaintiffs Fourteenth Amendment rights to due process and their Fourth Amendment rights against improper seizure.

81. Sargent Tran and social workers Jeff Johnson and Phu Nguyen were acting under color of law when they acted, or knew and agreed thereby conspired to remove R.S. and T.S. from Plaintiffs' care without first obtaining a warrant or court order and in the absence of exigent circumstances.  In doing so, the unlawfully removed R.S. and T.S. from Plaintiffs' care with deliberate indifference to the rights of the Plaintiffs and each of them.

82. Defendants, and each of them, voluntarily collaborated, acted in concert and conspired to violate the civil rights of the Plaintiffs, including violation of Plaintiffs' rights found in the Due

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

Process Clause of the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain R.S. and T.S. from the care, custody and control of their parents, without exigent circumstances by the use of coercion and duress.

83.   The acts of these Defendants, and each of them, were wrongful in that any government agent, faced with similar circumstances would have known it to remove the children from their parents without first obtaining a court order or warrant permitting such removal and that the responding officers specifically advised Plaintiff Serdyukov that he had the right to place the children with a third party.

84.   The aforementioned acts of Defendants, and each of them, were undertaken knowingly, willingly, and maliciously with the intent to harm Plaintiffs, or alternatively with a conscious disregard of Plaintiffs' substantial rights, and did in fact result in sever harm to Plaintiffs in an amount according to proof at trial.

85.   Additionally, Franchesca LaRue, has supervisory responsibility and authority over DFCS and its social worker employees.  It is clear she has willfully improperly and/or negligently train or supervised the social workers and permitted them to unconscionably violate Plaintiffs constitutional rights.

86.   Further, SJPD has an obligation to train and supervise its officers.  It is clear SJPD has willfully improperly and/or negligently trained or supervised Sargent Tran and permitted him to unconscionably violate Plaintiffs constitutional rights.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

87.  As a direct and proximate result of these Defendants' misconduct, both Plaintiffs have suffered, and will continue to suffer, general and special damages according to proof at trial, including by not limited to physical and/or mental anxiety and anguish, amount other things.

88.  The wrongful conduct of Social Workers Johnson and Nguyen, Sargent Tran, LaRue and SJPD as herein alleged was intentional, done with malice, oppression and fraud, and with conscious disregard for the rights of Plaintiffs, and as a result of this despicable conduct, Plaintiffs are entitled to recover punitive damages from Defendants, and each of them, as permitted by law and as according to proof at trial.

Count 2:

Fourteenth Amendment – Judicial Deception

(By Plaintiffs against Santa Clara County, DFCS,
Francesca LeRue, Pa Chang and Sarah Gerhart )

89.  Plaintiffs reallege and incorporate as though fully set forth herein, paragraphs 31 through 88 as though fully set forth herein.

90.  Plaintiffs are informed and believe and thereon allege that at all times relevant herein, there existed a clearly established due process right not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government, such that a reasonable social worker or private attorney acting in concert with the remaining Defendants, in Defendants' situation would know that it is unlawful to lie, fabricate evidence and/or suppress exculpatory evidence in court reports or any other documents filed with the juvenile court influence judicial decision making.  Similarly, Plaintiffs allege that any reasonable minor's counsel and/or other agent

29

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

of the government faced with similar circumstances as those presented to Amy Guy would have know that it was a violation of the Plaintiffs' substantial rights arising under both state and federal law to commit the acts herein alleged. Defendants intentionally misled the juvenile dependence court in order to further the joint effort to continue to detain R.S. and T.S. from Plaintiffs and malign Plaintiffs in the eyes of the juvenile dependency court.

91.   In doing the things alleged hereinabove, Defendants and each of them, voluntarily collaborated, acted in concert, and conspired to violate the above identified rights of the Plaintiffs, including violation of Plaintiffs' rights found in the Due Process Clause under the Fourteenth Amendment of the United States Constitution by, but not limited to, by the use of coercion and duress, using false and fabricated evidence and testimony and failing to provide exculpatory evidence during the pendency of the dependency proceedings in violation of , and interference with Plaintiffs' constitutional right to due process under the Fourteenth Amendment of the United States Constitution.

92.  In so doing, Defendants and each of them, were acting under color of state law. They did these things without proper justification or authority. Further, Defendants' actions were taken with deliberate indifference to Plaintiffs' due process rights, and in conscious disregard of substantial rights were at stake.

93.   Defendants, and each of them, maliciously conspired to violate the civil rights of Plaintiffs, including violation of Plaintiffs' rights found in the Fourteenth Amendment of the Unites States Constitution by the use of coercion and duress to obtain evidence and testimony, and by

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

maliciously falsifying evidence, and presenting fabricated evidence to the court, and maliciously refusing to provide exculpatory evidence during the pendency of the dependency proceedings.

94.  As a direct and proximate result of these Defendants' violations, and in accordance with 42 U.S.C. section 1983, Plaintiffs' civil rights have ben violated in that they have suffered from severe emotional and mental distress, fear, anxiety, depression and loss of consortium  and will continue to suffer, general and special damages in an amount not yet ascertained but which shall be shown according to proof at trial.

95.  The wrongful conduct of Social Worker Gerhart as alleged herein was intentional, done with malice, oppression, or fraud and with a conscious disregard for the rights of the Plaintiffs, and as a result of this despicable conduct, Plaintiffs are therefore entitled to recover punitive damages in accordance with law and subject to proof at trial.

96. Defendants LaRue and Chang had a duty to train and supervise their employees to assure they perform at the highest standards.  Defendants willfully improperly and/or negligently trained or supervise its employees and in accordance with 42 U.S.C. section 1983, Plaintiffs' civil rights have been violated in that they have suffered and will continue to suffer, general and special damages in an amount not yet ascertained but which shall be shown according to proof at trial.

Count 3:

Fourteenth Amendment – Due Process

(By Plaintiffs against Santa Clara County, DFCS,
Francesca LeRue, Pa Chang and Sarah Gerhart )

31

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

97.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

98.   Plaintiffs are informed and allege that there are procedural requirements set forth in California Welfare & Institutions Code to assure that parents who's children are in the custody of the County are provided the opportunity for speedy hearing.  As part of those requirements, DFCS is required to provide timely notice and provide reports in advance of any such hearing.

99.  For an initial detention hearing, parents must be given notice at least 24 hours in advance of the hearing and an opportunity to continue the hearing for one additional day.  For a Jurisdictional hearing, parents are entitled to receive the reports 10 days prior to the hearing.

100.   Defendants did not give Plaintiff Cotti proper notice of the detention hearing, nor was she giving notice that the hearing could be continued one day to allow her to review the report and prepare for hearing.

101.  Defendants did not give Plaintiffs a copy of the report for the Jurisdictional hearing until the day of the hearing.

102.   Defendants actions were at all time conducted knowingly, willingly and with total disregard of the rights of Plaintiffs.

103.   As the results of Defendants actions Plaintiffs were deprived of their Fourteenth Amendment rights to due process.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

104.   Further As the results of Defendants actions, Plaintiffs were deprived of their due process rights as set forth in the Welfare and Institutions Code.

105.   Defendants have demonstrated remarkable indifference by failing to take necessary, appropriate steps and/or adequate measures to prevent the continued perpetuation of their conduct and the denial of Plaintiffs due process rights.

106.   As the results of Defendants total disregard for Plaintiffs due process rights, Plaintiffs have each suffered severe emotional and mental distress, anxiety, depression, and serious psychological harm.   Plaintiffs' civil rights have been violated in that they have suffered and will continue to suffer, general and special damages in an amount not yet ascertained but which shall be shown according to proof at trial.

Count 4

(Fourteenth Amendment – *Monell* Libility)
(Plaintiff against Defendant County)

107.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

108.   Santa Clara County and its entities SSA and DFCS have established a policy whereby a child who is a dependent of the Court may not be out of foster care with and at home with their parents for more than 30 days which was the cause of violations of Plaintiffs constitutional rights, including rights under the Fourteenth Amendment.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

109.   The policy as applied to Plaintiffs placed them in the untenable possession of relinquishing their children after 30 days to wait for a trial so they can have the court find that the children are no longer at risk with their parents or to retain custody and have an existing finding that the children are at risk for severe emotional harm while they are with the parents.  This policy of the County and its entities is worthy of Orwellian praise.  As the result of this policy Plaintiff's suffered severe emotional and mental distress, humiliation, depression, embarrassment and a sense of security.

110.  Plaintiffs' civil rights have been violated in that they have suffered and will continue to suffer, general and special damages in an amount not yet ascertained but which shall be shown according to proof at trial.

SECOND CAUSE OF ACTION

Legal Malpractice

(Plaintiffs against all Counsel for Plaintiffs Defendants)

111.  Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

112.  Each of the Counsel for Plaintiffs had a duty of care to Plaintiffs at one time or another during the proceedings.

113.  During the course of the respective periods of time Defendants owed the duty of care to Plaintiffs, each and everyone of them breach that duty by failing to exercise due care to protect Plaintiffs best interests and to use the skill necessarily required of counsel.

114.  During the course of the respective periods of representation Defendants failed to exercise the necessary skill and due care to protect Plaintiffs in these proceedings.

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980

115.  As the result of Counsel for Plaintiff Defendants failure to exercise the necessary skill and due care to protect Plaintiffs in these proceedings, Plaintiffs suffered severe emotional and mental distress, humiliation, depression, embarrassment and a sense of security and the loss of consortium of their children and they they have suffered and will continue to suffer, general and special damages in an amount not yet ascertained but which shall be shown according to proof at trial.

PRAYER

WHEREFOR, Plaintiffs respectfully request that this Court:

1.  Award Plaintiffs general, special and compensatory damages in amounts to be proven at trial;

2.  Award Plaintiffs punitive damages against individual named Defendants, and each of them, for their outrageous conduct in complete disregard for the rights of Plaintiffs;

3.  Award Plaintiffs statutory damages and/or attorney fees against all Defendants as allowed by 42 U.S.C. § 1988;

4.  Grant Plaintiffs any other relief that deems just and proper.

Dated: February 25, 2019

_____ /s/ Michelle Brenot
Michelle Brenot
Attorney for Plaintiffs

Jury Demand: Plaintiffs demand trial by judr in this matter, pursuant to FRCO 38(a).

Dated: February 25, 2019

_____ /s/ Michelle Brenot
Michelle Brenot
Attorney for Plaintiffs

Plaintiff's Third Amended Complaint for violation of Civil Rights, *et al.*
Trial by Jury Demanded
Cotti *et al* v. Santa Clara County *et al.* 5:18-CV-02980