# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

ALICE COTTI and VLADIMIR SERDYUKOV,

Plaintiffs,

v.

CITY OF SAN JOSE, et al.,

Defendants.

Case No. 18-cv-02980-BLF

**ORDER VACATING HEARINGS RE MOTIONS TO DISMISS THIRD AMENDED COMPLAINT; ADDRESSING ALL PENDING MOTIONS; *SUA SPONTE* DISMISSING DEFENDANTS ADDED IN VIOLATION OF COURT ORDER; AND DIRECTING PLAINTIFFS TO FILE A STATUS REPORT ON OR BEFORE JULY 26, 2019**

[RE: ECF 61, 110, 111, 112, 113, 116]

Plaintiffs Alice Cotti and Vladimir Serdyukov sue numerous agencies and individuals who were involved in removing Plaintiffs' two minor children from their custody. This order addresses five motions to dismiss the operative third amended complaint ("TAC"); a motion to dismiss or quash based on insufficient service of process which was filed in conjunction with a prior round of motions directed to the second amended complaint ("SAC") but was overlooked by the Court; Plaintiffs' addition of defendants in violation of the Court's prior order; and further proceedings in this case.

*Motions to Dismiss the TAC*: five sets of defendants have filed motions to dismiss the TAC pursuant to one or more of the Federal Rules of Civil Procedure, including Rules 8, 12(b)(1), and 12(b)(6): (1) Rebekah Children's Services (ECF 110); (2) City of San Jose and related entities and individuals (ECF 111); (3) Patrick E. Tondreau, Judge of the Superior Court (ECF

112); (4) Amy Choi and Nikolas Arnold (ECF 113); and (5) County of Santa Clara (ECF 116). Plaintiffs have not filed opposition to any of the motions, and the deadlines for doing so have long since expired. Defendant Rebekah Children's Services and Defendant County of Santa Clara have filed replies asking that the motions be granted without further leave to amend in light of Plaintiffs' failure to oppose them. *See* Replies, ECF 119, 120. The Court finds the motions to be appropriate for disposition without oral argument, and the hearings set for June 27, 2019 and September 5, 2019 are VACATED. *See* Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument."). The motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND for the reasons discussed below.

*Motion to Dismiss or Quash for Insufficient Service of Process*: during a prior round of motions directed to the SAC, a number of defendants associated with the County of Santa Clara filed a "Joinder in Motion to Dismiss Plaintiffs' Second Amended Complaint; Motion to Quash Service" (ECF 61). The Court overlooked that the filing not only joined another motion to dismiss brought under Rule 12(b)(6), but also constituted an independent motion to dismiss or quash under Rule 12(b)(5) based on insufficient service of process. Plaintiffs did not oppose the Rule 12(b)(5) motion, and no reply was filed. Because the Court has never ruled on the Rule 12(b)(5) motion, it remains pending. For the reasons discussed below, the Court in the exercise of its discretion declines to dismiss the individual County defendants, but instead quashes service and grants Plaintiffs thirty days to serve them with process.

*Defendants Added in Violation of Court Order*: In addition, all claims against Defendants Gaona, Avila, Tran, Family Legal Advocates, Dependency Advocacy Center, Schroeder, Faulconer, and Legal Advocates for Youth and Children are STRICKEN on the basis that those defendants were added to the TAC in violation of the Court's express order prohibiting Plaintiffs from adding new claims or parties without prior leave. *See* Order Granting Motions to Dismiss SAC at 7, ECF 93. Those defendants are DISMISSED *sua sponte*, WITHOUT PREJUDICE to a motion for leave to amend.

*Further Proceedings*: Plaintiffs SHALL file a status report on or before July 26, 2019, as directed in section III.D., below.

## I. BACKGROUND

### A. Procedural History

Plaintiffs filed the complaint, first amended complaint ("FAC"), and second amended complaint ("SAC") while proceeding *pro se*. The pleadings, which were lengthy and difficult to follow, alleged that Plaintiffs' two minor children had been removed from their custody without adequate cause, and that social workers' allegations regarding domestic violence, substance abuse, and a non-accidental fracture to one child's leg were without basis. *See generally* Compl., ECF 1; FAC, ECF 5; SAC, ECF 34.

After multiple motions to dismiss the SAC were filed, Plaintiffs retained counsel. Plaintiffs' counsel filed short oppositions to the motions to dismiss, conceding that the SAC was deficient and representing that if granted leave to amend she would drop certain claims, simplify others, and add supporting factual allegations. In light of counsel's representations, the Court granted the motions to dismiss in a seven-page order which addressed moving parties' arguments at a relatively high level and granted leave to amend all claims. *See* Order Granting Motions to Dismiss SAC, ECF 93. The Court limited leave to amend to Plaintiffs' existing claims, stating that "Plaintiffs may not add new claims or parties without obtaining prior express leave of the Court." *Id*. at 7. In issuing its order regarding the pending motions to dismiss, the Court overlooked a motion to dismiss brought by a number of individual employees employed by the County of Santa Clara. *See* ECF 61. That motion is addressed below.

Plaintiffs were granted until January 11, 2019 to file an amended pleading. *See* Order Granting Motions to Dismiss SAC, ECF 93. On the due date, Plaintiffs filed an application for an extension of time, stating that Plaintiffs' counsel had obtained medical attention for multiple illnesses in late December 2018. *See* Application to Extend Time, ECF 95. The Court granted the application and extended the deadline for amendment to February 4, 2019. *See* Order on Application, ECF 96.

Plaintiffs did not file by the extended deadline, and on February 13, 2019, the Court issued an Order to Show Cause why the action should not be dismissed for failure to comply with the Court's order and failure to prosecute. *See* OSC, ECF 99. The following day, Plaintiffs filed an

application for a further extension of time to file an amended pleading. *See* Application, ECF 100. The application did not provide a reason for the failure to meet the deadline for amendment; Plaintiffs' counsel asserted only that the requested extension was necessary to prepare the amended pleading and preserve Plaintiffs' due process rights. *Id*. The Court discharged the Order to Show Cause and granted a further extension of Plaintiffs' filing deadline until February 25, 2019. *See* Order Discharging Order to Show Cause, ECF 106.

Plaintiffs, through counsel, filed the operative third amended complaint ("TAC") on February 25, 2019. TAC, ECF 109. While the TAC is far less prolix than the prior *pro se* pleadings, it suffers from significant deficiencies, discussed below.

### B. Addition of New Defendants without Leave of Court

As noted above, when granting the prior motions to dismiss, the Court expressly limited amendment to parties and claims included in the SAC. The Court ordered that "Plaintiffs may not add new claims or parties without obtaining prior express leave of the Court." Order Granting Motions to Dismiss SAC at 7, ECF 93. Plaintiff nonetheless named several new individuals and entities as defendants in the TAC without first obtaining leave of the Court. Those amendments are addressed below.

### C. Factual Allegations of the TAC

The TAC alleges the following facts: on May 23, 2017, officers of the San Jose Police Department ("SJPD") responded to a call reporting a domestic disturbance at Plaintiffs' home. TAC ¶ 31. Officers Gaona, Preuss, and Avila arrived at the scene first, and later were joined by Sergeant Tran. *Id*. Serdyukov had visible redness on his right hand and complained of pain in his jaw and abdomen. TAC ¶ 35. Fire and EMS were called to the home, after which both Serdyukov and Cotti were arrested for domestic violence. TAC ¶¶ 35-38, 51. Plaintiffs arranged for their licensed child care provider, Marissa Fernandez, to come to the home and take custody of their minor children. TAC ¶ 36. Ms. Fernandez did come to the home and was prepared to take over care of the children, a three-year-old boy, R.S., and a ten-month-old girl, T.S. TAC ¶¶ 36, 51. However, Sergeant Tran called Santa Clara County Department of Family and Child Services ("DFCS"). TAC ¶ 38. Social workers Jeff Johnson and Phu Nguyen arrived at the scene and took

4

custody of Plaintiffs' children. TAC ¶¶ 39-41.

Serdyukov was released from jail the same day, at which time he learned that the children had been taken into custody by DFCS. TAC ¶ 42. Also on May 23, 2017, social worker Sarah Gerhart met with the children. TAC ¶ 44. A nurse practitioner advised Gerhart of a bruise on T.S., and a skeletal survey was ordered. TAC ¶ 45. The nurse practitioner reported that the skeletal survey established that T.S. had a possible fracture of her left femur which was suspicious for non-accidental trauma. TAC ¶ 46. Gerhart spoke with Serdyukov later that day, but he denied any knowledge of T.S.'s injury. TAC ¶ 49. The following day, May 24, 2017, Gerhart informed Cotti that T.S. had sustained a fracture. TAC ¶ 50. Cotti denied any knowledge of T.S.'s injury, stated that T.S. had just started walking, and suggested that T.S. may have injured herself in a fall. *Id*.

On May 24, 2017, Gerhart signed Juvenile Dependency Petitions stating that the children were taken into custody as a result of severe domestic violence between their parents and following the parents' arrest. TAC ¶ 51. The petitions stated that the parents had been released with criminal charges pending, summarized the findings of the bruising and fracture injuries to T.S., and stated that doctors had determined that the fracture was caused by non-accidental trauma. *Id*. Also on May 24, 2017, Gerhart signed an Initial Hearing Report summarizing a history of domestic violence between Serdyukov and Cotti dating back to 2016, stating that R.S. has witnessed violence between the parents, reporting Cotti's history of drug abuse, and concluding that both parents had failed to protect the children from physical harm and emotional damage. TAC ¶ 52. On May 24, 2017, Pa Chang, a social worker supervisor, declared under penalty of perjury that Gerhart's statements were true and correct. TAC ¶ 55.

An initial detention hearing was scheduled for May 25, 2017. TAC ¶ 56. When Plaintiffs arrived at court for the hearing, Gerhart informed them that they were required to provide urine samples if they wanted to regain custody of their children. TAC ¶¶ 57-58. Plaintiffs complied and provided urine samples. *Id*. Plaintiffs were given a copy of the Initial Hearing Report and were appointed counsel. TAC ¶ 59. Nikolas Arnold was appointed to represented Serdyukov and John Faulconer of Family Legal Advocates ("FLA") was appointed to represent Cotti. *Id*. Superior

5

Court Judge Patrick Tondreau presided. TAC ¶ 62. Judge Tondreau set jurisdictional and detention hearings for June 15, 2017. *Id.*

At the June 15, 2017 proceedings, Gerhart produced two additional reports, the 1st Addendum and the 2nd Addendum, both dated June 14, 2017. TAC ¶ 64. The reports had not been provided to Plaintiffs in advance of the hearing. *Id.* Cotti's prior appointed counsel did not appear, and instead she was represented by new counsel, Amy Choi. TAC ¶ 65. The court continued the matter to July 3, 2017. TAC ¶ 66. On July 3, 2017, Cotti was represented by Wesley Schroeder. TAC ¶ 67. The court set an early resolution conference for July 13, 2017. *Id.* No resolution was reached at the July 13, 2017 conference, and a Jurisdictional and Detention hearing was set for July 28, 2017. TAC ¶ 68. At the July 28, 2017 hearing, the court sustained the 3rd Amended Petition. TAC ¶ 70.

DFCS then arranged for R.S. to receive therapeutic services from Rebekah Children's Services. TAC ¶ 74. Amy Guy, an attorney with Legal Advocates for Youth and Children ("LACY") who was appointed to represent R.S. and T.S., told Plaintiffs that she would never agree to the children returning home unless Plaintiffs submitted to multiple psychological examinations, waived their privacy rights, and dropped their appeals. TAC ¶¶ 24, 75. On April 13, 2018, the children were returned to Plaintiffs' custody. TAC ¶ 76. On May 2, 2018, the parties met to determine whether the petitions previously sustained should be dismissed. *Id.* No agreement was reached between Plaintiffs and DFCS. *Id.* The court advised that it could not set the matter for trial until after May 14, 2018. *Id.*

Because the County of Santa Clara had a policy prohibiting dependent children from staying on an "extended visit" with family for more than thirty days, Serdyukov felt compelled to waive trial and agree that the children were at risk in the home to speed resolution of the case. TAC ¶ 76. Plaintiffs allege that the policy was established by DFCS, the Social Security Agency of Santa Clara County ("SSA"), and SSA Director Francesca LeRue. TAC ¶¶ 11, 108. Plaintiffs also name as defendant the Department of Social Services ("DSS"), which is identified as "a subdivision or entity of Defendant Santa Clara County," but it is unclear what (if any) role DSS is alleged to have had in formulating the policy. TAC ¶ 8.

Based on these allegations, Plaintiffs assert federal and state law claims against the following twenty-four individuals and entities: *City of San Jose Defendants* – the City of San Jose, the San Jose Police Department, Officer Gaona, Officer Avila, and Sergeant Tran; *County of Santa Clara Defendants* – the County of Santa Clara, SSA, SSA Director Francesca LeRue, DSS, DFCS, and social workers Jeff Johnson, Phu Nguyen, Sarah Gerhart, and Pa Chang; *Plaintiffs' counsel* – Nicolas Arnold, John Faulconer, Wesley Schroeder, Amy Choi, FLA, and Dependency Advocacy Center; *Children's counsel* – LACY and Amy Guy; Judge Patrick Tondreau; and Rebekah Children's Services. *See generally* TAC, ECF 109. Plaintiffs assert a First Cause of Action for Violation of Civil Rights under 42 U.S.C. § 1983, which is divided into four "counts": Count 1, Warrantless Removal/Removal without a Court Order, Notice, or Exigency; Count 2, Judicial Deception; Count 3, Due Process; and Count 4, *Monell* Liability. TAC ¶¶ 77-110. Plaintiffs also assert a Second Cause of Action for legal malpractice under California state law. TAC ¶¶ 111-115. Plaintiffs seek money damages and attorneys' fees. TAC, Prayer.

## II. LEGAL STANDARDS

### A. Rule 8

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d). "A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint." *Fox v. Bureau of Prisons*, No. 2:19-CV-00567-R(MAA), 2019 WL 566429, at *6 (C.D. Cal. Feb. 12, 2019). "This Court has discretion to dismiss for failure to comply with the requirements of Rule 8 even when the complaint is not wholly without merit," and such failure provides "a basis for dismissal independent of Rule 12(b)(6)." *Id*. (internal quotation marks and citation omitted).

### B. Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from

the face of the complaint. *Id.* In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the moving party has presented evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.*

### C.  Rule 12(b)(5)

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A motion to dismiss may be brought under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013).

### D.  Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Motions to Dismiss the TAC

#### 1. Rebekah Children's Services

None of the causes of action or counts charges Rebekah with misconduct or refers to Rebekah in any way. The TAC's only references to Rebekah are in paragraphs 26 and 74, set forth in full as follows:

> 26. At all times herein mentioned, Defendant Rebekah Children's Services is an entity located in Santa Clara County.
>
> 74. On or about July 28, 2017, immediately following the Court's sustaining of the Petitions, DFCS used the Court's sustaining of the petition for R.S. to compel him, without input Plaintiffs, to receive therapeutic services from Rebeka's [*sic*] Services and to waive the client/therapist privilege.

TAC ¶¶ 26, 74.

Rebekah argues that because neither paragraph alleges any conduct or omission by Rebekah, the TAC fails to set forth a short and plain statement showing Plaintiffs are entitled to relief against Rebekah as required under Rule 8, and fails to state a plausible claim for relief against Rebekah as required under Rule 12(b)(6). The Court agrees.

Plaintiffs have not opposed Rebekah's motion or provided any basis to believe that they could state a viable claim against Rebekah if give further leave to amend. For that reason and for the reasons discussed in section III.F, below, the Court finds that leave to amend is not warranted. Accordingly, Rebekah's motion to dismiss the TAC is GRANTED WITHOUT LEAVE TO AMEND.

#### 2. City of San Jose Entities

The City of San Jose, SJPD, and Sergeant Tran are identified as defendants to Count 1 of the First Cause of Action, for Warrantless Removal/ Removal without a Court Order, Notice or Exigency. Officers Gaona and Avila are not identified as defendants to any cause of action or count. As discussed above, Officer Gaona, Officer Avila, and Sergeant Tran were named in the TAC in violation of the Court's order, and they are DISMISSED *sua sponte* on that basis.

The City of San Jose and SJPD move to dismiss the TAC under Rule 12(b)(6).

9

Plaintiffs' theory of liability against these defendants is unclear. Count 1 asserts that Plaintiffs' constitutional rights were violated when R.S. and T.S. were taken into the custody of DFCS. *See* TAC ¶¶ 78-88. However, the SJPD officers are not alleged to have taken custody of the children – that was done by DFCS social workers. *See id.* Sergeant Tran is alleged to have called DFCS, and to have "conspired" with the responding social workers "to remove R.S. and T.S. from Plaintiffs' care without first obtaining a warrant or court order and in the absence of exigent circumstances." TAC ¶¶ 79-81. Even assuming that these allegations were sufficient to state a claim against Sergeant Tran (which they are not), Plaintiffs do not allege facts showing how the City of San Jose or SJPD could be liable for Sergeant Tran's actions. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." *Id*.

The only allegation suggesting any basis for liability against the City or SJPD is found in paragraph 86, which reads in its entirety as follows:

> 86. Further, SJPD has an obligation to train and supervise its officers. It is clear SJPD has willfully improperly and/or negligently trained or supervised Sargent [*sic*] Tran and permitted him to unconscionably violate Plaintiffs [*sic*] constitutional rights.

TAC ¶ 86.

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id*. at 61. To make out such a claim, the plaintiff ordinarily must plead and prove "[a] pattern of similar constitutional violations by untrained employees." *Id*. at 62. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*.

Plaintiffs do not allege a pattern of constitutional violations by SJPD or any other facts to support their bare allegation that SJPD failed to train Sergeant Tran. Thus, Plaintiffs have failed to state a claim against the SJPD or the City of San Jose under § 1983. As discussed below in section III.F, the Court finds that leave to amend is not warranted.

The motion to dismiss brought by the City of San Jose and SJPD is GRANTED WITHOUT LEAVE TO AMEND.

### 3. Judge Patrick E. Tondreau

Judge Tondreau is not named in any of the causes of action or counts in the TAC. He is mentioned only in the recitation of facts preceding the claims. Those allegations describe Judge Tondreau as the "Superior Court Judge presiding over the dependency actions, JD024527 and JD024528," TAC ¶ 25, and assert that he did not independently consider the record before him but simply "rubber stamped" social worker Gerhart's report, TAC ¶ 62. The TAC also alleges that when Plaintiffs raised the County of Santa Clara's policy of limiting "extended visits" to thirty days, Judge Tondreau "advised counsel, 'I think it is more than a county policy.'" TAC ¶ 76.

Judge Tondreau moves to dismiss the TAC under Rules 12(b)(1) and 12(b)(6). Judge Tondreau asserts that dismissal for lack of subject matter jurisdiction is appropriate under Rule 12(b)(1) because any claims against him are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine, and that dismissal for failure to state a claim is appropriate under Rule 12(b)(6) because any claims against him are barred by absolute judicial immunity and are devoid of supporting factual allegations. The Court agrees.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks and citation omitted). "Eleventh Amendment immunity also shields state officials from official capacity suits." *Id.* "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.*

California superior courts are considered to be agencies of the state and thus suits against

11

them are barred under the Eleventh Amendment. *Tony-Tuan Nguyen v. Miller*, 713 F. App'x 653, 654 (9th Cir. 2018). Plaintiffs sue Judge Tondreau only "in his official capacity" as a superior court judge. TAC ¶ 25. Because an official capacity suit against Judge Tondreau is a *de facto* suit against the superior court, the suit is barred by the Eleventh Amendment. *See Nilsen v. Blum*, No. C 17-04175 WHA, 2017 WL 6520752, at *2 (N.D. Cal. Oct. 5, 2017) ("Here, Nilsen asserts claims against California Superior Court judges acting in their official capacities, and therefore his suit is barred by the Eleventh Amendment."). There is "a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities." *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Plaintiffs do not seek declaratory or injunctive relief in this case, but only money damages and attorneys' fees. *See* TAC Prayer. Accordingly it appears on the face of the TAC that the narrow exception does not apply here.

Any claims against Judge Tondreau acting in his official capacity also are absolutely barred by judicial immunity. "A judge enjoys total immunity from suit for her actions except in two instances: when the judge's actions are nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, or when the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction." *Wright-Bolton v. Andress-Tobiasson*, 696 F. App'x 258, 259 (9th Cir. 2017) (internal quotation marks, citations, and alterations omitted). There is no suggestion in the TAC that Judge Tondreau acted outside the scope of his role or jurisdiction as a superior court judge.

To the extent Plaintiffs are seeking review of Judge Tondreau's rulings, any claims would be barred by the *Rooker-Feldman* doctrine, which bars a federal district court from reviewing the final determinations of a state court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,

859 (9th Cir. 2008) (internal quotation marks and citation omitted). All of Judge Tondreau's conduct described in the TAC involved his judicial rulings, and any claims arising from those rulings would be barred by *Rooker-Feldman*.

Because the barriers to suit against Judge Tondreau arising from the Eleventh Amendment, judicial immunity, and *Rooker-Feldman* could not be cured by amendment, and for the reasons discussed in section III.F, below, the Court finds that leave to amend is not warranted. Accordingly, Judge Tondreau's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

### 4. Amy Choi and Nikolas Arnold

Amy Choi and Nicolas Arnold were appointed to represent Cotti and Serdyukov, respectively, in the underlying dependency proceedings. *See* TAC ¶¶ 18, 21. It appears that Choi and Arnold are defendants to the Second Cause of Action for Legal Malpractice because, although the Second Cause of Action does not refer to Choi and Arnold by name, it is directed against all of Plaintiffs' attorneys in the underlying proceedings. *See* TAC ¶¶ 111-115.

Choi and Arnold move to dismiss under Rules 8 and 12(b)(1). With respect to Rule 8, they correctly point out that the TAC does not contain "a short and plain statement of the claim" against them. Fed. R. Civ. P. 8(a)(2). For example, the Second Cause of Action alleges that "[d]uring the course of the respective periods of time Defendants owed the duty of care to Plaintiffs, each and everyone [*sic*] of them breach [*sic*] that duty by failing to exercise due care to protect Plaintiffs [*sic*] best interests and to use the skill necessarily required of counsel." TAC ¶¶ 112-13. It is impossible to discern from these general allegations what misconduct Choi and Arnold are alleged to have committed. The background allegations offer no clarity. The only factual allegations about Choi are that she represented Cotti, TAC ¶ 18; that "[o]n June 15, 2017, Plaintiff Cotti was not represented by her appointed counsel with whom she had been trying to communicate, but by Amy Choi who was not familiar with the matter when the parties appeared on June 15, 2017 for the Jurisdictional or Detention hearing," TAC 65; and that "Amy Choi advised Plaintiff Cotti that the Court determined by 1% the issues asserted by DFCS were more true the Court would legally sustain the Petitions," TAC ¶ 69. The only factual allegations about

13

Arnold are that he represented Serdyukov and that such representation was by appointment. See TAC ¶¶ 21, 59.

Choi and Arnold also argue that, to the extent Plaintiffs are seeking review of Judge Tondreau's rulings, any claims are barred by the *Rooker-Feldman* doctrine. *See Reusser*, 525 F.3d at 859. It is unclear whether the Second Cause of Action for Legal Malpractice does challenge Judge Tondreau's rulings. To the extent it does, *Rooker-Feldman* would apply.

There is nothing in this record to suggest that Plaintiffs could amend their malpractice claim against Choi and Arnold. For that reason, and the reasons discussed in section III.F, below, the motion to dismiss brought by Choi and Arnold is GRANTED WITHOUT LEAVE TO AMEND.

### 5. County of Santa Clara

Defendant County of Santa Clara and several of its entities and employees are named as defendants to one or more counts of the First Cause of Action for Violation of Civil Rights under 42 U.S.C. § 1983. The County makes clear that its "motion is submitted only on behalf of the County." However, the County has brought to the Court's attention that it overlooked a motion to dismiss or quash under Rule 12(b)(5) that was filed by individual County employees in connection with motions challenging the SAC. That motion pursuant to Rule 12(b)(5) is addressed below.

With respect to the County, Plaintiffs' theories of liability are unclear. As noted above with respect to Plaintiffs' claims against the City of San Jose, "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. *Connick*, 563 U.S. at 60-61 (2011) (quoting *Monell*, 436 U.S. at 692). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted).

In the First Cause of Action, Count 1, Plaintiffs allege that their civil rights were violated

14

when their children were removed from their custody without a warrant, court order, or exigent circumstances. *See* TAC ¶¶ 77-88. In the First Cause of Action, Count 2, Plaintiffs allege that "Defendants" conspired to deprive Plaintiffs of their rights under the Due Process Clause of the Fourteenth Amendment "by the use of coercion and duress to obtain evidence and testimony, and by maliciously falsifying evidence, and presenting fabricated evidence to the court, and maliciously refusing to provide exculpatory evidence during the pendency of the dependency proceedings." TAC ¶ 93. In the First Cause of Action, Count 3, Plaintiffs allege that they were deprived of their Due Process rights when "Defendants" did not give them adequate notice of court proceedings or court documents. TAC ¶¶ 97-106. None of these counts identifies a County policy as the moving force behind the alleged constitutional violations. In Count 2, Plaintiffs allege that "Defendants willfully improperly and/or negligently trained or supervise [*sic*] its [*sic*] employees." TAC ¶ 96. This generalized and conclusory allegation in insufficient to make out a § 1983 claim against the County based on failure to train. *See Connick*, 563 U.S. at 61-62 (setting forth standard for failure to train claim).

The First Cause of Action, Count 4, is a *Monell* claim based on the County's "policy whereby a child who is a dependent of the Court may not be out of foster care with and at home with their parents for more than 30 days." TAC ¶ 108. Plaintiffs assert that this policy violated their civil rights because it "placed them in the untenable possession [*sic*] of relinquishing their children after 30 days to wait for a trial so they can have the court find that the children are no longer at risk with their parents or to retain custody and have an existing finding that the children are at risk for severe emotional harm while they are with the parents." TAC ¶ 109. These allegations do not explain how the County's policy harmed Plaintiffs. The Court understands Plaintiffs to be alleging that, because of the policy, Plaintiffs felt compelled to concede some or all of the charges against them in the hopes of getting their children restored to them sooner. However, the TAC does not allege facts showing that the policy is unconstitutional or caused any violation to Plaintiffs' civil rights.

Because Plaintiffs did not oppose this motion, and have not otherwise shown that amendment of their claims against the County could cure the defects noted herein, the County's

motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

### 6. Leave to Amend

When the Court grants a motion to dismiss, leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). The Court finds no undue delay (factor 1) or bad faith (factor 2). However, Plaintiffs have failed to allege a viable claim despite guidance offered both in the prior motions to dismiss the SAC and in the Court's order dismissing the SAC (factor 3). It is prejudicial to Defendants to force them to bring repeated motions to dismiss (factor 4), particularly when Plaintiffs have not even opposed the last round of motions or given any indication that they would be able to allege facts sufficient to make out a viable claim if given further leave to amend (factor 5). The Court thus concludes that further leave to amend is not warranted.

Accordingly, leave to amend is DENIED.

### B. Motion to Dismiss or Quash by Individual County Defendants

The TAC names several individual employees of the County of Santa Clara as defendants, including Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart. LeRue is alleged to be the Director of the Social Security Agency of Santa Clara County ("SSA"), and to have supervisory responsibility over DFCS and its social worker employees. TAC ¶ 11. Plaintiffs do not state whether they sue LeRue individually or in her official capacity. *Id*. Chang, Nguyen, Johnson, and Gerhart are alleged to be social workers with DFCS, and all are sued in both their individual and official capacities. TAC ¶¶ 12-15. All of the individual County defendants filed a motion to dismiss or quash pursuant to Rule 12(b)(5) which was overlooked by the Court, as discussed above. The motion was not opposed by Plaintiffs.

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants. Under the federal rule, an individual defendant may be served by one of the following methods: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a

16

1  copy of the summons and complaint at the individual's dwelling or usual place of abode with

2  someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons

3  and complaint to an agent authorized by appointment or law to receive service of process. Fed. R.

4  Civ. P. 4(e)(2). Alternatively, an individual defendant may be served with process pursuant to the

5  law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under California law,

6  individual defendants may be personally served by personal delivery of the summons and

7  complaint to the individual or the individual's authorized agent. *Am. Express Centurion Bank v.*

8  *Zara*, 199 Cal. App. 4th 383, 389 (2011). California law also permits substitute service by

9  delivery of the summons and complaint to the individual's dwelling, usual place of abode, usual

10  place of business, or usual mailing address. *Id*. However, under California law "an individual

11  may be served by substitute service only after a good faith effort at personal service has first been

12  made: the burden is on the plaintiff to show that the summons and complaint cannot with

13  reasonable diligence be personally delivered to the individual defendant." *Id*. (internal quotation

14  marks and citation omitted).

15  Plaintiffs have filed proofs of service stating that each of the individual County defendants

16  was served "at the individual's residence or usual place of abode" and that the summons and

17  complaint was left with "Robin Rivas-Romano." *See* POS, ECF 54. While the federal rules do

18  permit service on an individual by "leaving a copy of the summons and complaint at the

19  individual's dwelling or usual place of abode with someone of suitable age and discretion who

20  resides there," Fed. R. Civ. P. 4(e)(2), the proofs of service state that all of service documents

21  were left at "Department of Family & Children's Services," and not at each individual's dwelling

22  or usual place of abode. *See* POS, ECF 54. Accordingly, on the face of the proofs of service, it

23  appears that the summons and complaint was delivered to each individual's place of business

24  rather than the individual's dwelling or abode. Accordingly the attempted service did not meet the

25  requirements of Rule 4(e)(2). Moreover, while California law permits substitute service by

26  delivery of the summons and complaint to the individual's usual place of business, substitute

27  service is permitted *only* if Plaintiffs show that the summons and complaint cannot with

28  reasonable diligence be personally delivered to the individual defendant. *See Zara*, 199 Cal. App.

1 4th at 389. Plaintiffs have not made such a showing in this case.

2 Having concluded that Plaintiffs have not effected service of process on the individual County defendants, the Court must decide whether to dismiss those defendants or quash service and grant Plaintiffs an opportunity to serve them. *See Stevens*, 538 F.2d at 1389. Given Plaintiff's *pro se* status at the time service of process was attempted, and the fact that Plaintiffs may have overlooked the Rule 12(b)(5) motion as did the Court, dismissal is too harsh a remedy at this stage. The Court finds it appropriate to deny the motion to dismiss, to quash service, and to grant Plaintiffs thirty days to serve the individual County defendants. *See Manipoun v. Dibela*, No. 17-CV-2325-AJB-BGS, 2018 WL 1524513, at *3 (S.D. Cal. Mar. 28, 2018) (denying Rule 12(b)(5) motion to dismiss, granting motion to quash, and granting thirty days to complete service, where it was not clear from the record that service was impossible). Accordingly, the motion to dismiss pursuant to Rule 12(b)(5) is DENIED, the alternative motion to quash is GRANTED, and Plaintiffs are granted thirty days, until July 24, 2019, to complete service of process on Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart.

**C.     Defendants Added without Leave of Court**

As noted above, Plaintiffs have added several new defendants in violation of the Court's order granting the motions to dismiss the SAC with leave to amend, which prohibited the addition of new parties or claims without express leave of the Court. *See* Order Granting Motions to Dismiss SAC at 7, ECF 93. Because the addition of new defendants was outside the scope of the leave to amend granted by the Court, all claims against new defendants Gaona, Avila, Tran, Family Legal Advocates, Dependency Advocacy Center, Schroeder, Faulconer, and Legal Advocates for Youth and Children are STRICKEN and those defendants are DISMISSED *sua sponte*, WITHOUT PREJUDICE to a motion for leave to amend to add them to this action. Based on Plaintiffs' allegations to date, the Court has grave reservations whether any viable claims could be alleged against these entities and individuals. If Plaintiff does seek to amend, Plaintiff must demonstrate that the addition of these entities and individuals would not be futile. Any motion for leave to amend SHALL be filed on or before July 24, 2019.

**D. Further Proceedings**

The TAC names twenty-four defendants. *See* TAC ¶¶ 2-26.

Seven defendants are dismissed pursuant to their unopposed motions to dismiss: Rebekah Children's Services, City of San Jose, SJPD, Judge Tondreau, Amy Choi, Nikolas Arnold, and County of Santa Clara.

Service of process is quashed as to five others: Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart.

Eight defendants are dismissed *sua sponte* because they were added in violation of the Court's order: Gaona, Avila, Tran, Family Legal Advocates, Dependency Advocacy Center, Schroeder, Faulconer, and Legal Advocates for Youth and Children.

That leaves four remaining defendants: Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy. There do not appear to be proofs of service for any of these defendants on the docket. Plaintiff SHALL filed a status report, on or before July 26, 2019, advising the Court of the status of service with respect to these defendants and with respect to the individual County defendants, Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart. The status report shall indicate whether Plaintiffs believe that Department of Social Services, Santa Clara County Department of Family and Child Services, and Social Security Agency of Santa Clara County are entities separate from the County of Santa Clara which may be sued despite dismissal of the County of Santa Clara from the case.

**IV. ORDER**

(1) The motions to dismiss filed by Rebekah Children's Services, City of San Jose, SJPD, Judge Tondreau, Amy Choi, Nikolas Arnold, and County of Santa Clara are GRANTED WITHOUT LEAVE TO AMEND;

(2) The motion to dismiss or quash pursuant filed by Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart is DENIED as to the motion to dismiss, but GRANTED as to the motion to quash. Plaintiffs are granted thirty days, until July 24, 2019, to effect service of process on these defendants.

(3) Defendants added in violation of the Court's order, *i.e.*, Gaona, Avila, Tran, Family Legal Advocates, Dependency Advocacy Center, Schroeder, Faulconer, and Legal Advocates for Youth and Children, are DISMISSED *sua sponte* WITHOUT PREJUDICE to a motion for leave to amend. Any motion for leave to amend shall be filed on or before July 24, 2019.

(4) Plaintiffs SHALL file a status report, on or before July 26, 2019, addressing all of the issues specified in section III.D., above.

Dated: June 24, 2019

_____
BETH LABSON FREEMAN
United States District Judge