United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALICE COTTI, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No. 18-cv-02980-BLF<br><br>**ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE; DENYING PLAINTIFFS' MOTION TO SET ASIDE JUNE 24 ORDER; DENYING WITHOUT PREJUDICE MOTION TO ADD DEFENDANTS AND FILE A FOURTH AMENDED COMPLAINT; AND EXTENDING DEADLINE TO FILE A PROPERLY NOTICED MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[Re: ECF 126] |

On June 24, 2019, the Court issued an order ("June 24 Order") addressing several pending motions and summarizing the status of the case with respect to the twenty-four defendants named in the operative third amended complaint. *See* June 24 Order, ECF 125. The Court ordered as follows:

(1) Seven defendants were dismissed without leave to amend pursuant to their unopposed motions to dismiss: Rebekah Children's Services, City of San Jose, San Jose Police Department, Judge Patrick E. Tondreau, Amy Choi, Nikolas Arnold, and County of Santa Clara.

(2) Eight defendants were dismissed *sua sponte*, without prejudice to a motion for leave to amend the pleading, because they were added in violation of the Court's order: Officer Gaona, Officer Avila, Sergeant Vu Tran, Family Legal Advocates, Dependency Advocacy Center, Wesley Schroeder, John Faulconer, and Legal Advocates for Youth and Children. Plaintiffs were directed to file any motion for leave to amend to add these defendants on or before July 24, 2019.

1  (3) Service of process was quashed as to five defendants: Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, and Sarah Gerhart. Plaintiffs were granted thirty days, until July 24, 2019, to effect service of process on these defendants.

(4) Four defendants had not been served: Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy. Plaintiffs were directed to file a status report as to these defendants, and the defendants as to whom service of process was quashed, on or before July 26, 2019.

Plaintiffs did not file a properly noticed motion for leave to amend to add defendants; did not effect service of process on Defendants LeRue, Chang, Nguyen, Johnson, and Gerhart; and did not file a status report with respect to Defendants Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy. Instead, Plaintiffs filed a "Motion to Set Aside Order of June 24, 2019; Motion to Add Defendants; Motion for Leave to File Fourth Amended Complaint." *See* Pls.' Motion, ECF 126. The Court addresses service of process, Plaintiffs' motion to set aside the June 24 Order, and Plaintiffs' failure to file a properly noticed motion for leave to amend in turn, as follows.

## I. SERVICE OF PROCESS

Plaintiffs were granted thirty days, until July 24, 2019, to effect service of process on Defendants LeRue, Chang, Nguyen, Johnson, and Gerhart. Plaintiffs have not filed proofs of service with respect to these defendants. Plaintiffs filed a status report on July 20, 2019, stating that "Plaintiffs have provided information available to a process server to provide proper service upon Defendants LaRue, Chang, Gerhart, Johnson and Nguyen. As of the time of the preparation of this report, those Defendants have not been served." Status Report, ECF 127.

Plaintiffs were ordered to submit a status report regarding the status of service of process on Defendants Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy. Plaintiffs have not complied. The status report submitted on July 20, 2019 does not address these defendants.

Plaintiffs are ORDERED TO SHOW CAUSE, in writing and on or before September 18, 2019, why the following unserved Defendants should not be dismissed for failure to effect service

2

of process as required under Federal Rule of Civil Procedure 4(m): Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, Sarah Gerhart, Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy.

**II.    PLAINTIFFS' MOTION TO SET ASIDE JUNE 24 ORDER**

Plaintiffs have filed a motion to set aside the June 24 Order, which the Court takes to be a motion to vacate the June 24 Order. *See* Pls.' Motion, ECF 126. Plaintiffs' motion does not articulate any legal basis for vacating the June 24 Order. Plaintiffs explain that their attorney, Michelle Brenot, suffered an illness which caused her to be out of the office from early March 2019 through April 19, 2019. It is during that period of absence that Plaintiffs' oppositions were due with respect to the motions to dismiss filed by Rebekah Children's Services, City of San Jose, San Jose Police Department, Judge Patrick E. Tondreau, Amy Choi, Nikolas Arnold, and County of Santa Clara. Plaintiffs assert that Ms. Brenot did not even realize that the motions to dismiss had been filed until the Court issued its June 24 Order granting them.

Several Defendants have filed opposition to Plaintiffs' motion to vacate the June 24 Order, including the County of Santa Clara, Amy Choi, Nikolas Arnold, and the City of San Jose parties. *See* Defs.' Opps., ECF 129, 131, 132. Defendants note that Plaintiffs' motion is not accompanied by a declaration or other evidence of Ms. Brenot's illness, but they argue that even if the Court accepts that Ms. Brenot was ill from early March through late April, two months elapsed between Ms. Brenot's late April return to work and the Court's June 24 Order. Plaintiffs offer no explanation why they did not respond to the motions to dismiss during that two-month period. Moreover, Defendants argue that Plaintiffs' representation that Ms. Brenot was unaware of the motions to dismiss until she received the June 24 Order is belied by the fact that Ms. Brenot signed a Joint Stipulation on May 14, 2019, asking the Court to continue the Case Management Conference pending disposition of the motions to dismiss. *See* Joint Stipulation, ECF 122. Finally, Defendants argue that the pleading deficiencies discussed in the June 24 Order cannot be cured by amendment.

In response to these arguments, Ms. Brenot has filed a declaration and medical records

documenting her illness. *See* Brenot Decl., ECF 133. Ms. Brenot acknowledges that she "had, if not actual knowledge of the various motions by counsel, constructive notice of the motions as of May 5, 2019" when she agreed to the stipulated request to continue the Case Management Conference.[1] Brenot Decl. ¶ 5. Ms. Brenot nonetheless states her opinion that the Court could grant relief from the June 24 Order under Federal Rule if Civil Procedure 60(b). Brenot Decl. ¶ 8. Ms. Brenot offers no argument or citation to legal authority in support of a request for relief under Rule 60(b).

On August 29, 2019, the Court vacated the hearing on Plaintiffs' motion and took the motion under submission without oral argument. Order Vacating October 10, 2019 Hearing, ECF 135. The Court also continued the Case Management Conference to December 5, 2019. *Id.*

Plaintiffs' moving papers articulate no legal basis whatsoever for vacating the June 24 Order. Ms. Brenot's declaration filed in reply to the opposition briefing suggests that relief is warranted under Federal Rule of Civil Procedure 60(b). *See* Brenot Decl. ¶ 8, ECF 133. The Court declines to consider a legal argument raised for the first time in a reply declaration. Plaintiffs' motion to vacate the June 24 Order is subject to denial on that basis.

Even if it were to consider whether relief is warranted under Rule 60(b), the Court would conclude that it is not. Under Rule 60(b), a court may grant relief from a judgment or order upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). The only arguably applicable subsections are (b)(1) and (b)(6).

To the extent Plaintiffs assert excusable neglect warranting relief under Rule 60(b)(1), "[e]xcusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotation marks, citations, and alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one,

---

[1] Ms. Brenot's signature on the Joint Stipulation is dated May 14, 2019, not May 5, 2019. *See* Joint Stipulation, ECF 122.

4

taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). "To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (internal quotation marks and citation omitted).

Weighing the *Pioneer* factors, the Court concludes that relief under Rule 60(b)(1) is not warranted. As to factor (1), vacating the June 24 Order would be highly prejudicial to Defendants, particularly to the seven Defendants who brought motions to dismiss and were granted dismissal with prejudice in a reasoned order applying Rule 12(b) standards. As to factor (2), Plaintiffs did not delay in seeking relief from the June 24 Order. Factor 3, the reasons for any delay, therefore is inapplicable. As to factor (4), the Court cannot find that the failure to oppose Defendants' motions to dismiss was in good faith. While the Court is sympathetic to Ms. Brenot's illness, it appears that she made no provision for management of her cases in her absence, and no satisfactory explanation has been proffered for her failure to respond to Defendants' motions during the two-month period between her return to work and the issuance of the June 24 Order. The Court has granted Ms. Brenot multiple extensions of prior deadlines, and it has issued a prior Order to Show Cause why the case should not be dismissed for failure to prosecute based on failure to comply with deadlines. *See* ECF 72, 73, 74, 76, 96, 99, 106. Against this backdrop, and absent evidence of any reasonable attempt to comply with case deadlines, the Court finds the failure to oppose Defendants' motions to be in bad faith.

To the extent Plaintiffs assert the existence of extraordinary circumstances warranting relief under Rule 60(b)(6), the Ninth Circuit has "cautioned that this Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The requisite extraordinary circumstances have been found to exist "where the client has demonstrated gross negligence on the part of his counsel" which resulted in a default judgment

5

against the client. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002). Plaintiffs have not argued, and the Court is not persuaded, that Ms. Brenot's failure to oppose the motions to dismiss constituted gross negligence arising to the level of extraordinary circumstances.

As discussed above, Plaintiffs' passing reference to Rule 60(b) in a reply declaration would not provide an adequate basis for vacating the June 24 Order under any circumstances. However, even if the Court were to consider Plaintiffs' request for relief under Rule 60(b) on the merits, the request would be denied.

Accordingly, Plaintiffs' motion to set aside the June 24 Order is DENIED.

## III. PLAINTIFFS' MOTION TO FILE A FOURTH AMENDED COMPLAINT

As discussed above, when the Court *sua sponte* dismissed Officer Gaona, Officer Avila, Sergeant Vu Tran, Family Legal Advocates, Dependency Advocacy Center, Wesley Schroeder, John Faulconer, and Legal Advocates for Youth and Children, the Court directed Plaintiffs to file any motion for leave to amend to add these defendants on or before July 24, 2019. Plaintiffs' motion filed July 20, 2019 includes a motion to add defendants and file a fourth amended complaint. *See* Pls.' Motion, ECF 126. The motion is procedurally improper, however. Civil Local Rule 7-1 requires that "[a]ny written request to the Court for an order must be presented by one of" a list of enumerated motions or by stipulation. Civ. L.R. 7-1. The only enumerated motion that fits the circumstances is a "[d]uly noticed motion pursuant to Civ. L.R. 7-2." *Id*. Plaintiffs' motion to add defendants and file a fourth amended complaint was not filed as a duly noticed motion. Moreover, Civil Local Rule 10-1 requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading . . . ." Civ. L.R. 10-1. Plaintiffs have not submitted a proposed fourth amended complaint. Accordingly, the motion to add defendants and file a fourth amended complaint is DENIED.

The Court's ruling is WITHOUT PREJUDICE to the filing of a properly noticed motion for leave to amend the pleading which complies in all respects with the Civil Local Rules and this Court's Standing Order Re Civil Cases. In particular, any motion for leave to amend must include a proposed amended pleading, and Plaintiffs must reserve a hearing date before filing such motion. The Court *sua sponte* extends Plaintiffs' deadline to seek leave to amend to September 18, 2019.

**IV. ORDER**

(1) Plaintiffs are ORDERED TO SHOW CAUSE, in writing and on or before September 18, 2019, why the following unserved Defendants should not be dismissed for failure to effect timely service of process as required under Federal Rule of Civil Procedure 4(m): Francesca LeRue, Pa Chang, Phu Nguyen, Jeff Johnson, Sarah Gerhart, Department of Social Services, Santa Clara County Department of Family and Child Services, Social Security Agency of Santa Clara County, and Amy Guy.

(2) Plaintiffs' motion to set aside the June 24 Order is DENIED.

(3) Plaintiffs' motion to add defendants and file a fourth amended complaint is DENIED as procedurally improper.

(4) The Court's ruling is WITHOUT PREJUDICE to the filing of a motion for leave to amend the pleading which complies in all respects with the Civil Local Rules and this Court's Standing Order Re Civil Cases. Any such motion shall be filed on or before September 18, 2019.

Dated: September 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge