UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALICE COTTI, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>PA CHANG, et al.,<br><br>        Defendants. | Case No. 18-cv-02980-BLF<br><br>**ORDER VACATING HEARING ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT, TO ADD DEFENDANTS AND CLAIMS, AND TO FILE A FOURTH AMENDED COMPLAINT; AND DENYING MOTION**<br><br>[ECF 173] |

Plaintiffs Alice Cotti and Vladimir Serdyukov filed this action in May 2018, alleging that their minor children were removed from the home without adequate cause and in violation of Plaintiffs' rights. *See* Compl., ECF 1. Plaintiffs asserted federal and state law claims against numerous individuals and entities that were involved in the children's removal. The action was dismissed two years later after significant motion practice and several rounds of pleading. *See* Order, ECF 170. The Court entered judgment against Plaintiffs on May 21, 2020. *See* Judgment, ECF 171.

Plaintiffs filed a Notice of Appeal on June 29, 2020. *See* Notice of Appeal, ECF 172. Approximately one week later, on July 5, 2020, Plaintiffs filed a motion for relief from judgment, to add defendants and claims, and to file a fourth amended complaint. *See* Motion for Relief, ECF 173. The hearing on the motion, currently set for September 17, 2020, is hereby VACATED. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163,

1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, a district court may entertain a motion for relief from judgment in certain circumstances, even when a notice of appeal already has been filed. *See* Fed. R. App. P. 4(a)(4). A timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "effectively nullifie[s]" a notice of appeal and "effectively revives the district court's jurisdiction." *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990); *see also* Fed. R. App. P. 4(a)(4)(A)(v). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Similarly, "the filing of a Rule 60(b) motion after the filing of a notice of appeal, but within 28 days of entry of the judgment, effectively suspends the notice of appeal until the district court disposes of the motion." *Barron v. Madden*, No. CV 15-1113-PA (FFM), 2019 WL 8017807, at *1 n.1 (C.D. Cal. Oct. 17, 2019); *see also* Fed. R. App. P. 4(a)(4)(A)(vi).

Plaintiffs do not specify whether they seek relief from judgment under Rule 59(e) or Rule 60(b). In either case, this Court lacks jurisdiction to consider their motion for relief because it was filed more than 28 days after entry of judgment. Plaintiffs' motion indicates that their ability to litigate this case was impacted by the COVID-19 virus. Even if it were to assume that the timing of Plaintiffs' motion for relief was impacted by the virus, the 28-day time period for filing a Rule 59(e) motion "is jurisdictional and cannot be extended by the court." *Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (addressing then-applicable 10-day period under Rule 59(e) before statutory amendment expanded the period to 28 days). The Court has been unable to locate any case suggesting that the Court could extend the 28-day time period for filing a Rule 60(b) motion imposed by Federal Rule of Appellate Procedure 4(a)(4)(A)(vi).

Plaintiffs' motion for relief from judgment therefore is DENIED on the basis that Plaintiffs' Notice of Appeal divested this Court of jurisdiction, and Plaintiffs' motion does not qualify as a timely motion for relief under Federal Rule of Appellate Procedure 4(a)(4). The motions to amend the pleading are DENIED AS MOOT.

Dated: July 7, 2020

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge